Tom JACKSON, Joe Rockett, John Allen Petty, Herbert Collier, Alzena Jones, and Joseph Mason

v.

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, William V. Bradley, President, William Jones, Trustee, Alfred Chittenden, Trustee, Clarence Henry, Trustee, and Rhum Hogan, Administrator.

Civ. A. No. 12649.

United States District Court
E. D. Louisiana,
New Orleans Division.

Dec. 27, 1962.

Roger B. Jacobs, New Orleans, La., Nicholas J. Gagliano, Metarie, La., for plaintiff.

Victor H. Hess, Jr., New Orleans, La., for defendant.

WEST, District Judge.

This is a suit for injunctive relief brought pursuant to the provisions of the Labor Management Reporting and Disclosure Act of 1959, and particularly under the provisions of Title I thereof, 29 U.S.C.A. § 411(a) (1) and 412. Complainants are all members of the Sacksewers, Sweepers, Waterboys, and Coopers Local Union No. 1683, International Longshoremen's Association, affiliated with the AFL–CIO, a union within the meaning of and subject to the provisions of the Act.

Local No. 1683 was placed under trusteeship by the International Longshoremen's Association some 18 months prior to the filing of this suit. At that time three trustees were named, said trustees being William Jones, Alfred Chittenden, and Clarence Henry, all vice-presidents of the International Longshoremen's Association, and an administrator, Ernest Rhone, Sr., was appointed. On August 14, 1962, William V. Bradley, president of the International Longshoremen's Association, discharged Ernest Rhone, Sr. as administrator of the Local No. 1683, and designated Rhum Hogan as administrator in his place.

Some time later, the International Longshoremen's Association decreed an

---

1. "* * * On a hearing he would have the burden of sustaining his allegations by a preponderance of evidence."

end to the trusteeship, and set an election for the Local to be held on September 15, 1962. A meeting of Local No. 1683 was called for May 29, 1962, at which time nominations of candidates for the various offices were to be received. At that time, complainant, Tom Jackson, nominated Ernest Rhone, Sr. for the office of president. The nomination was seconded by complainant, Joe Rockett, duly received by the trustees and the administrator. The names of other members were also placed in nomination for the various offices at the same time. Between that time and August 13, 1962, various protests were registered with the proper authorities of the International Longshoremen's Association by various members of the local union, objecting to the candidacies of various candidates, including that of Ernest Rhone, Sr., who had been nominated for president. On August 13, 1962, the candidate, Ernest Rhone, Sr., was notified by the president of the International Longshoremen's Association, William V. Bradley, that it would be necessary for him to submit to a complete physical examination before being allowed to continue as a candidate for president. Again on August 28, 1962, the trustees directed Ernest Rhone, Sr. to submit to a physical examination by August 29, 1962. On August 31, 1962, an appeal was made by the candidate Rhone to the president of the International Longshoremen's Association contesting this requirement of a physical examination on the grounds that no such requirement was contained within the Constitution and By-Laws of the local union, and that such a requirement was not uniformly applied to all candidates for office, and therefore, was an improper and illegal requirement. President Bradley denied the appeal of candidate Rhone, and directed the trustees to disqualify Rhone as a candidate for office in the election set for September 15, 1962. The present suit was filed on September 13, 1962, the complainants contending that the actions above referred to have denied them of their right to vote for a candidate of their choice, and further alleging that they were unable to nominate another candidate to take the place of the candidate Rhone. They requested this Court to restrain the defendants from interfering with the candidacy of Ernest Rhone, Sr., or, in the alternative, to restrain the defendants from proceeding with said election until Ernest Rhone, Sr., or another candidate nominated by complainants be listed on the official ballot as a duly qualified candidate for the office of president. They also prayed that a temporary restraining order issue pending a hearing on their request for injunctive relief. The only grounds presented to the Court upon which complainants based their request for this relief was (1) that Ernest Rhone, Sr. had been improperly disqualified as a candidate for office in the union, and (2) that the union was illegally proceeding with an election without the said nominee on the official ballot.

Complainant's request for the issuance of a temporary restraining order was denied, it being the opinion of this Court that complainants had failed to show sufficient jurisdictional grounds upon which to base the issuance of a temporary restraining order, and it further appearing that no irreparable damage would result from a refusal to issue a temporary restraining order.

On September 24, 1962, complainants filed an amending and supplemental complaint in which they reiterated and reaverred all of the allegations of the original complaint, and in addition thereto, alleged that at the same nomination meeting referred to in the original complaint, these complainants had also nominated one James Rackett for the office of financial secretary-treasurer, and that, on the morning set for voting, this candidate had also been disqualified, and his name omitted from the official ballot.

Respondents were then ordered to show cause why a preliminary injunction should not issue as prayed for.

During the hearing on this matter, it was stipulated and agreed by counsel for both sides that should the provisions of

Title I of the Labor Management Reporting and Disclosure Act, 29 U.S.C.A. § 411 (a) (1) and 412, apply, this Court would concededly have jurisdiction over this dispute. Whereas, if it should be held that this matter falls within the provisions of Title IV of said Act, 29 U.S.C.A. § 482(a) and (b) and 29 U.S.C.A. § 481 (e), that this Court would be without jurisdiction until such time as the remedies provided for therein have been exhausted by complainants.

Title I of the Labor Management Reporting and Disclosure Act, reads in part as follows:

29 U.S.C.A. § 411

"(a) (1) Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws."

29 U.S.C.A. § 412

"Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located."

Title IV of the Labor Management Reporting and Disclosure Act reads in part as follows:

29 U.S.C.A. § 481

"(e) In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof. Not less than fifteen days prior to the election notice thereof shall be mailed to each member at his last known home address. Each member in good standing shall be entitled to one vote. No member whose dues have been withheld by his employer for payment to such organization pursuant to his voluntary authorization provided for in a collective bargaining agreement shall be declared ineligible to vote or be a candidate for office in such organization by reason of alleged delay or default in the payment of dues. The votes cast by members of each local labor organization shall be counted, and the results published, separately. The election officials designated in the constitution and bylaws or the secretary, if no other official is designated, shall preserve for one year the ballots and all other records pertaining to the election. The election shall be conducted in accordance with the constitution and bylaws of such organizations insofar as they are not inconsistent with the provisions of this subchapter."

29 U.S.C.A. § 482

"(a) A member of a labor organization—

"(1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or

"(2) who has invoked such available remedies without obtaining a final decision within

three calendar months after their invocation,

may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 481 of this title (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers). The challenged election shall be presumed valid pending a final decision thereon (as hereinafter provided) and in the interim the affairs of the organization shall be conducted by the officers elected or in such other manner as its constitution and bylaws may provide.

"(b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this subchapter has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization as an entity in the district court of the United States in which such labor organization maintains its principal office to set aside the invalid election, if any, and to direct the conduct of an election or hearing and vote upon the removal of officers under the supervision of the Secretary and in accordance with the provisions of this subchapter and such rules and regulations as the Secretary may prescribe. The court shall have power to take such action as it deems proper to preserve the assets of the labor organization."

Title I guarantees union members an equal opportunity to vote, while Title IV prescribes the procedures that are to be followed in nominating and electing union officers. Title IV, just as clearly, prescribes the remedies available to a union member where these procedures are not followed. Mamula v. United Steel Workers, 3 Cir., 304 F.2d 108.

In the present case, there can be no question but what the complainants herein were not deprived of the right to nominate, nor were they deprived of the right to vote. Title I of the Act does not, of course, guarantee to any union member the right to vote for a specific person, but guarantees him only the right to vote for a duly nominated and qualified candidate. The pleadings, on their face, affirmatively show that the complainants herein did, in fact, nominate the candidates of their choice. It was subsequent to the nomination, and during the process of certifying candidates as to their qualifications, that the present dispute actually arose. Whether or not the disqualification of the candidates in question was proper is a matter to be resolved in accordance with the provisions of Title IV of the Act. Title IV deals comprehensively with the procedure for nominating and electing officials. It provides that reasonable opportunities must be given members to nominate, and that every member in good standing shall be eligible to be a candidate and to hold office subject to, or course, reasonable rules and regulations of the union. Title IV further specifically sets forth in 29 U.S.C.A. § 482 that violation of the provisions outlined therein can only be enforced by the Secretary of Labor once an election is held.

Complainants attempt to draw a distinction between a suit filed by a candidate himself, and a suit filed by other members of the union. It is complainant's position that the Title IV remedy must be followed if the candidate himself is suing to be reinstated on a ballot, and that the Title I remedy, by suit directly to the United States District Court, is applicable where members of the union, not candidates, have been denied the right to vote or to nominate a candidate. It is not necessary at this time to pass upon the validity of such a distinction. It is the opinion of this Court that these complainants have neither been deprived of the right to vote nor of the right to nominate a candidate. The only real

question involved is whether or not the candidates nominated by complainants were properly or improperly disqualified prior to the election. It is therefore the opinion of this Court that the administrative procedures provided for by Title IV of the Labor Management Reporting and Disclosure Act must be resorted to by complainants before this Court can be vested with jurisdiction over this matter. Complainants' demand for injunctive relief must therefore be denied, and it is so ordered.