Raymond H. HARVEY, Herman Shapiro and John Galletta, each of them individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Jesse M. CALHOON, as President, or Herbert W. Peters, as Secretary-Treasurer of District No. 1, National Marine Engineers Beneficial Association, AFL-CIO, Defendant.

United States District Court
S. D. New York.

Aug. 31, 1963.

Burton H. Hall, New York City, for plaintiffs.

Pressman & Scribner, New York City, for defendant; David Scribner, New York City, of counsel.

FEINBERG, District Judge.

This is a motion for a preliminary injunction brought by three members of District No. 1, National Marine Engineers Beneficial Association ("District No. 1"), on behalf of themselves and others similarly situated, against District No. 1, its President or Secretary-Treasurer. The complaint alleges jurisdiction under Section 102 of the Labor-Management Reporting and Disclosure Act of 1959 (the "Act"),[1] 29 U.S.C. § 412. Plaintiffs ask this Court to enjoin District No. 1 from holding a general election of local union officers on the ground that plaintiffs' rights to nominate candidates, as secured to them under Section 101(a) (1) of the Act, 29 U.S.C. § 411(a) (1), have been infringed. Plaintiffs also allege that defendant District No. 1 has failed to appoint an impartial administrator to supervise the forthcoming election, and claim that this failure not only violates their rights to

1. Commonly known as the "Landrum-Griffin Act."

vote under Section 101(a) (1) of the Act, 29 U.S.C. § 411(a) (1), but also contravenes a provision of the District's bylaws which requires designation of an impartial administrator. Defendant has filed a cross-motion to dismiss the complaint on the grounds that this Court lacks jurisdiction over the subject matter, and that the complaint fails to state a claim upon which relief can be granted.

The important facts are not in dispute, and, as they appear from the affidavits filed by both parties, may be summarized as follows: the National Marine Engineers Beneficial Association ("NMEBA"), a national affiliate of the AFL–CIO, represents over ninety per cent of the licensed marine engineers in the United States. It is now composed of various district organizations; District No. 1, of which plaintiffs are members in good standing, has over 6,000 members. The District will hold a general election during the ninety-day period commencing September 1, 1963, and it is this election which plaintiffs seek to enjoin. Counsel have stipulated that the mailing of ballots would not of itself adversely affect or enlarge the rights and obligations of the parties to the proceeding.

Prior to January 1, 1961, NMEBA was composed of various "locals." At that time, a member could nominate any other member for local office, subject to certain eligibility requirements. On January 1, 1961, NMEBA was reorganized on a "district" basis, and thereafter certain changes, of which plaintiffs complain, were made in nomination procedures and eligibility requirements for officers.

(1) Members of District No. 1 are confined to self nomination. Article X of the bylaws of District No. 1 provides:

"Elections for District-wide Offices

"Section 1. Nominations. Any member may submit his name for nomination for the offices of District President, District Vice President, Branch Agent, Patrolman * * * or Representative to the National Convention by delivery in person or sending by registered mail, a letter addressed to the Credentials Committee." [2]

(2) In March 1963, the national constitution of NMEBA was amended to provide that only those non-officer members who have served 180 days or more of sea time on NMEBA-contracted vessels in two of the previous three years are eligible for nomination, that no member may be a candidate for District President unless he is a full time paid official of the union, and that no member may run for District office unless he has been a member of NMEBA for five years. Article X, Section 9 of the Constitution of NMEBA provides:

"Any member shall be eligible for nomination to and election as a full time and paid elective office of a District provided he is at the time of nomination and election a member of good standing and (a) has been a member of the National Association or of any other organization which has duly affiliated with the National Association, for 5 years immediately preceding the date of closing of nominations; and (b) has been a member of the District and/or predecessor Subordinate Association for 2 years immediately preceding said date; and (c) has had either 180 days of employment on vessels covered by collective bargaining agreements with the Union during each of any 2 full calendar years of the 3 calendar years immediately preceding the closing date of nominations, or equal time served as full time and paid elected or appointed official of the National Association or of a Subordinate Association or the District or of any other organization which has duly affiliated with the National Association.

"A candidate for District President, in addition to the qualifications specified above, must have previously been elected and served as a full

2. See Exhibit "A" attached to defendant's Affidavit in Opposition to Application for Preliminary Injunction.

time and paid official of a Subordinate Association, District or of any other organization which has duly affiliated with the National Association." [3]

(3) Under a ruling of the Credentials Committee of District No. 1, members are prohibited from nominating themselves to more than one office.

Plaintiffs contend that the above by-law, constitutional amendment and ruling by the Credentials Committee unreasonably deprive members of District No. 1 of their right to nominate candidates as guaranteed to them under Section 101 (a) (1) of the Act, 29 U.S.C. § 411(a) (1). Defendant contends that this Court is without jurisdiction to entertain this motion, that plaintiffs have made no showing warranting the relief sought, that plaintiffs have failed to exhaust their intra-union remedies, and that, in any event, plaintiffs have been guilty of laches.

Consideration of defendant's jurisdictional argument requires an examination of the Labor-Management Reporting and Disclosure Act of 1959, a comprehensive statute which protects the rights of union members through various remedies. Title I of the Act is entitled "BILL OF RIGHTS OF MEMBERS OF LABOR ORGANIZATIONS". Contained within Title I is Section 101(a) (1), 29 U.S.C. § 411(a) (1), which provides:

"Equal rights.—Every member of a labor organization shall have equal rights and privileges within such organization to *nominate candidates*, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, *subject to reasonable rules and regulations in such organization's constitution and bylaws.*" (Emphasis added.)

A procedure to enforce these rights is provided in Section 102 of the Act, 29 U.S.C. § 412. This section permits any person, whose rights under Title I have been infringed, to bring a civil action in a Federal District Court for appropriate relief.

Title IV of the Act is entitled "ELECTIONS" and subtitled "Terms of office; election procedures." This Title includes Section 401(e) of the Act, 29 U.S. C. § 481(e), which states:

"In any election required by this section which is to be held by secret ballot *a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 and to reasonable qualifications uniformly imposed)* and shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof." (Emphasis added.)

The remedy for a violation of Section 401(e) of the Act, 29 U.S.C. § 481(e), is specifically set forth in Section 402 of the Act, 29 U.S.C. § 482. Section 402, in substance, provides a post-election remedy whereby complaint is made to the Secretary of Labor who institutes a civil action if he finds upon investigation that there is probable cause. That section states:

"(a) A member of a labor organization—

(1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or

(2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation,

may file a complaint with the Secretary within one calendar month

---

3. See Exhibit "C" attached to defendant's Affidavit in Opposition to Application for Preliminary Injunction.

thereafter alleging the violation of any provision of section 481 of this title (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers). The challenged election shall be presumed valid pending a final decision thereon (as hereinafter provided) and in the interim the affairs of the organization shall be conducted by the officers elected or in such other manner as its constitution and bylaws may provide.

"(b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this subchapter has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization as an entity in the district court of the United States in which such labor organization maintains its principal office to set aside the invalid election, if any, and to direct the conduct of an election or hearing and vote upon the removal of officers under the supervision of the Secretary and in accordance with the provisions of this subchapter and such rules and regulations as the Secretary may prescribe. The court shall have power to take such action as it deems proper to preserve the assets of the labor organization."

Thus, the structure of the Act clearly differentiates between violations of Title I and Title IV, and different remedies are provided for each.

Defendant's jurisdictional attack is based on two premises: this Court has no pre-election jurisdiction over Title IV violations, and plaintiffs' complaint alleges, in fact, only such violations, although jurisdiction is stated in terms of Title I.

On the first point, the cases indicate that defendant is correct and that the only remedy for violations of Title IV is the post-election procedure initiated by a complaint to the Secretary of Labor. This was the conclusion reached by Judge Wyatt of this Court in Jackson v. Nat'l Marine Engineers' Beneficial Ass'n,[4] 221 F.Supp. 347 decided only a few weeks ago. That case involved an attack on two of the rules complained of by plaintiffs here (the self-nomination requirement and the requirement of previous service as a full time paid elected official). In the course of denying relief to plaintiffs, the Court stated:[5]

"It is the eligibility requirements which plaintiff attacks and these are *exclusively* dealt with by Section 401 (e) [of Title IV]. Where a particular subject is dealt with by a section of the Act—for example, the eligibility of candidates in Section 401 (e)—it must be assumed that Congress intended the specific provision to govern and not the general provisions of Section 101(a) [of Title I]."

Other cases support the proposition that the Federal District Courts do not have jurisdiction for violations of Title IV, except in accordance with the procedure set up in the statute which calls, in the first instance, for an investigation by the Secretary of Labor. See Mamula v. United Steelworkers, 304 F.2d 108 (3 Cir.), cert. denied, 371 U.S. 823, 83 S.Ct. 42, 9 L.Ed.2d 63 (1962); Colpo v. Highway Truck Drivers and Helpers, 201 F.Supp. 307 (D.Del.1961), vacated as moot, 305 F.2d 362 (3 Cir.), cert. denied, 371 U.S. 890, 83 S.Ct. 188, 9 L.Ed. 2d 123 (1962); cf. Hamilton v. Guinan, 199 F.Supp. 562 (S.D.N.Y.1961); Acevedo v. Bookbinders and Machine Operators, 196 F.Supp. 308 (S.D.N.Y.1961). Although a contrary view has been advanced,[6] it appears that the authority is the other way.

4. 63 Civ. 2226, S.D.N.Y., August 16, 1963.

5. Id. at 348 of 221 F.Supp.

6. See Summers, Pre-Emption and the Labor Reform Act—Dual Rights and Remedies, 22 OHIO ST. L.J. 119, 135–140 (1961); American Bar Ass'n, Labor Relations Law, 1962 Proceedings, at 74–76.

Plaintiffs appear to recognize the force of this authority, because they emphasize that complaint is made only of alleged violations of Title I. Each of the rules they attack, according to plaintiffs, interferes with the right to nominate as guaranteed them by Section 101(a)(1) of the Act quoted above. Plaintiffs contend, for example, that they may challenge under Title I the reasonableness of the requirement of sea time because they have a right to nominate someone who has not had sea time. However, the requirement of sea time is clearly a "qualification" on candidacy dealt with by Title IV. It is true that a requirement of sea time, as a prerequisite to candidacy, limits the number of people plaintiffs can nominate. However, it is hard to imagine any rule or requirement on candidacy, no matter how reasonable, which would not similarly limit the number of people plaintiffs might nominate. If plaintiffs' argument were accepted, every eligibility requirement for office would fall within Title I. However, the structure of the Act is clearly different. The reasonableness of the sea time requirement, therefore, must be tested in accordance with the procedures set forth for violations of Title IV and not through the procedures under Title I.

A similar point in an analogous situation was made recently in Jackson v. International Longshoremen's Ass'n, 212 F.Supp. 79 (E.D.La.1962), where plaintiffs complained of the disqualification of a candidate for whom they wanted to vote. The Court refused an injunction and pointed out as follows (212 F.Supp. at 82):

"In the present case, there can be no question but what the complainants herein were not deprived of the right to nominate, nor were they deprived of the right to vote. *Title I of the Act does not, of course, guarantee to any union member the right to vote for a specific person, but guarantees him only the right to vote for a duly nominated and qualified candidate.* The pleadings, on their face, affirmatively show that the complainants herein did, in fact, nominate the candidates of their choice. It was subsequent to the nomination, and during the process of certifying candidates as to their qualifications, that the present dispute actually arose. Whether or not the disqualification of the candidates in question was proper is a matter to be resolved in accordance with the provisions of Title IV of the Act. Title IV deals comprehensively with the procedure for nominating and electing officials. It provides that reasonable opportunities must be given members to nominate, and that every member in good standing shall be eligible to be a candidate and to hold office subject to, or course [sic], reasonable rules and regulations of the union. Title IV further specifically sets forth in 29 U.S.C.A. § 482 that violation of the provisions outlined therein can only be enforced by the Secretary of Labor once an election is held." (Emphasis added.)

All of the matters complained of by plaintiffs appear to be qualifications on eligibility for candidacy and, therefore, their reasonableness or lack of reasonableness will have to be tested in accordance with Title IV procedures. This is certainly true not only of the sea time requirement, but also of the requirements of five year prior membership in the union in order to run for office, limitation to candidacy for only one office, and the necessity of being a full time paid prior official in order to run for union president. It may be possible to view the self-nomination requirement as a Title I problem rather than a Title IV problem, but even if it is, the requirement seems reasonable. This certainly was the Court's view in Jackson v. Nat'l Marine Engineers' Beneficial Ass'n, supra, when it stated that such a provision "makes it as easy to be nominated as possible." Id. at 348 of 221 F. Supp. Defendant points out that under this provision, a member does not even have to attend a union meeting or con-

ference to place his name in nomination, but can write a letter to the union from any port in any part of the world declaring his candidacy. While the new provision does have a limiting effect in some ways, the argument that it is, on the whole, reasonable is persuasive.

Therefore, with regard to all of the complaints on eligibility and nomination procedure, it appears that this Court is without jurisdiction to consider them or in the case of the self-nomination procedure, the complaint is not well-founded. The cases relied on by plaintiffs do not compel a contrary view. Wayfield v. Babcock, 47 CCH Lab.L.Rep. ¶ 18,375 (E.D.N.Y.1963), did not deal with a Title IV violation, but with a Title I violation involving an allegation that a member's right to vote in secret was lost. Similarly, Boggia v. Hoffa[7] dealt with eligibility of members to vote, also clearly a Title I problem.

With regard to plaintiffs' claim that an impartial administrator has not been designated in accordance with the District's bylaws, the answering affidavit of defendant makes clear that an impartial administrator has, in fact, been designated.[8] Since this is not seriously in dispute, the Court will not consider the claim further at this time.

On the entire record, I do not feel that plaintiffs have shown by clear and convincing facts that they have a reasonable probability of success in final hearing on this matter. Because of the disposition on defendant's main point, it is unnecessary to consider its other arguments, such as failure to exhaust intra-union remedies and laches.

The foregoing shall constitute findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 52(a). The motion to dismiss is granted and the application for a preliminary injunction is denied. Submit order on notice.

7. 41 CCH Lab.L.Rep. ¶ 16,731 (E.D.N.Y.), modified, 41 CCH Lab.L.Rep. ¶ 16,732 (2 Cir. 1960), motion to certify result of election granted, 41 CCH Lab.L.Rep. ¶ 16,733 (E.D.N.Y.1962).

8. Affidavit of Jesse S. Calhoon in Opposition to Application for Preliminary Injunction, pp. 1–3.