Charles A. Loreto, J.
Because plaintiff, member of National Marine Engineers’ Beneficial Association, claims that he has a right in the pending election to stand for election to two offices (district) of that union and the defendants contend that under the national constitution and the district by-laws he may stand for election to only one of such offices, he seeks a temporary stay of the election pending his suit and an order directing that his name be placed on the ballot for both such offices.
The union has cross-moved to dismiss the complaint both upon the ground that the court lacks jurisdiction over the subject of the suit and that the complaint is insufficient in law. The two offices to which plaintiff complains he was refused the right to seek election are president and branch agent, Boston branch, in district No. 1. The district by-laws are made part of the complaint. Its article "VTII, section 4, provides: ‘ ‘ Paid officers of the District shall devote their full time to their official duties.” Both offices plaintiff seeks are full-time offices, and the persons holding those offices are paid (art. VII, §§ 1, 2,3).
Plaintiff asserts that he is eligible to hold both offices under the by-laws and constitution. This is a conclusory statement.
Although there is not found in the by-laws and constitution a specific provision declaring that a member may be nominated to or run in an election for more than one full-time district office, such an interpretation was made by the national executive committee. It is an interpretation consonant with practical common sense and allows a member “ a reasonable opportunity ” *545 to be nominated and to hold office in the district organization of the union, a right governed and protected by the Labor Management Reporting and Disclosure Act of 1959 (tit. IV, §§ 401-404; U. S. Code, tit. 29, §§ 481-484).
Absent specific provision permitting what plaintiff asserts as his interpretation of the by-laws and constitution, any member would have the right to stand for election and be elected not only to two district offices but to each and every one of the full-time paid district offices. Such an interpretation leads to its own negation. If adopted and confirmed by the court, it would mean the judicial approval of consequences that are not in accord with democratic operation of such organizations and contrary to what the court considers sound public policy.
Plaintiff also asserts other members are permitted to have and hold two offices. But the two offices they hold are a national and a district office, receiving compensation from but one office as is authorized by the national constitution. None hold two district offices as he asserts a right to nomination and election.
The district by-laws, article IX, provides: ‘ ‘ Eligibility requirements for all elective offices of this District requiring a District-wide vote of the membership shall be as provided in the National Constitution.”
And the national constitution, article X, provides: ‘ ‘ Any member shall be eligible for nomination to and election as a full-time and paid elective office of a District * * * “ A member may be nominated for and if elected, fill and serve simultaneously as a national elected officer and as a District elected officer but in such event, he shall be entitled to receive compensation from only one office.”
From a reading of the foregoing extracts of the district by-laws and the national constitution, it is evident that the two offices a member is permitted to hold are a district and a national office, however with compensation from only one of them.
On the ballot in use in the current election, plaintiff is a nominee for the district office of branch agent.
Prior to the composition of the ballot, there was correspondence between plaintiff and the credentials committee relating to plaintiff’s request for nomination for the district positions of president and branch agent. He was informed he could stand for one office only. He elected the office of branch agent, though insisting on his right to stand for both offices. The action of the credentials committee was appealed to the membership and its action was sustained. Under article VII (§ 2) of the national constitution, plaintiff had the further right to appeal to the national executive committee. This was not done.
*546 ■ In addition, defendant urges the same issues involving this election were determined adversely to the plaintiff in Harvey v. Calhoon, in the Federal jurisdiction, decided August 31, 1963 (221 F. Supp. 545). Appeal is now pending in the United States Court of Appeals for the Second Circuit. The court there stated, among other things, that pursuant to title IV of the Labor Management Reporting and Disclosure Act of 1959, jurisdiction over complaints with respect to eligibility is preempted in favor of the United States Secretary of Labor. While the Labor Management Act preserves rights and remedies with respect to elections prior to the conduct thereof, this litigation in fact was initiated after ballots were mailed. It may be arguable that this suit is not barred by that act for section 403 (U. S. Code, tit. 29, § 483) thereof reads in part: “Existing rights and remedies to enforce the constitution and by laws of a labor organization with respect to elections prior to the conduct thereof shall not be affected by the provisions of this title. The remedy provided by this title for challenging an election already conducted shall be exclusive.” (Italics supplied.) Whether the words “ prior to the conduct ” of the election should be interpreted to mean prior even to the very first step indicating an election, such as the printing and mailing of ballots, need not be determined on this application, for the complaint fails to allege violation of any provision of the national constitution although this is claimed in conclusory 'fashion only and, in addition, it fails to allege full resort to right of appeal. On the merits, plaintiff has failed to establish that he has a right to stand for election to two full-time district positions.
Finally, plaintiff alleges that the defendants committed fraud in presenting his appeal to the membership in that it was stated to them that the plaintiff had withdrawn his nomination for the office of district president. In actual effect, there had been such withdrawal, if only one position was available to him, and if plaintiff’s position was not correct, while insisting that it was correct. In any event, no damage is to be inferred therefrom for plaintiff was accorded his full rights under his own reserved or conditional choice, since his right is limited to the holding of one office.
The complaint is dismissed, and the motion for injunction is denied.