Raymond H. HARVEY, Herman Shapiro and John Galletta, each of them individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Jesse M. CALHOON, as President, or Herbert W. Peters, as Secretary-Treasurer, of District No. 1, National Marine Engineers Beneficial Association, AFL–CIO, Defendant.

United States District Court
S. D. New York.
Nov. 29, 1963.

Burton H. Hall, New York City, for plaintiffs.

Pressman & Scribner, New York City, for defendant; David Scribner, New York City, of counsel.

FEINBERG, District Judge.

Pursuant to a mandate of the Court of Appeals, 324 F.2d 486, this case is again before me. The mandate was filed in this Court on November 13, 1963. On that day, defendant union forwarded to Mr. Justice Harlan an application for a stay of the mandate. A hearing on the application was fixed for November 23. However, because of the assassination of President Kennedy, the hearing was postponed to the afternoon of November 27. On that day, Mr. Justice Harlan denied the application for a stay. Although this Court was willing to have the instant hearing on the evening of November 27, at the request of counsel for plaintiffs the hearing was not held then, but is being held today. A prime reason for great speed in dealing with the matter is the possibility that after today (November 29), the union election which plaintiffs seek to enjoin may be regarded as having been "already conducted" so that an argument could be made that this Court would not then have jurisdiction to grant the relief sought. Accordingly, the parties are now appearing before me in order that the mandate of the Court of Appeals may be carried out.

The facts in this case will not be restated except where necessary, and the facts stated in my previous opinion, reported at 221 F.Supp. 545, are incorporated herein. In the prior opinion, the Court did not deal with defendant's argument that plaintiffs should be denied relief because of laches and failure to exhaust intra-union remedies. In reversing the prior decision of this Court dismissing the complaint, the Court of Appeals for this Circuit stated:

> "The plaintiffs' right to a temporary injunction against the holding of the election under the present constitution and bylaws is plain and such an injunction should issue promptly."

Therefore, it might be urged that no consideration need be given to these additional arguments of defendants. However, they will be dealt with at this time.

The bylaw of District No. 1, National Marine Engineers Beneficial Association ("the District"), requiring self-nomination was promulgated as of January 1961, although it apparently did not finally go into effect until much later. Thereafter, there was a ruling by the Credentials Committee of the District limiting nomination to one office. The rules requiring presidential candidates to be full-time paid officials and limiting candidates for any office to either full-time paid officials or members having served 180 days of sea time on union-contracted vessels in each of two out of the last three years were adopted by the National Convention of the National Marine Engineers Beneficial Association ("NMEBA") in March 1963. Each of the three named plaintiffs, Harvey, Shapiro, and Galletta, has nominated himself as a candidate for office in the District other than president. The Credentials Committee of the District ruled unfavorably on all three because they did not meet the above requirements. Both Harvey and Shapiro appealed unsuccessfully to a District membership meeting in accordance with the provisions of Article X, Section 2(c) of the District bylaws. However, no appeal was then made to the National Executive Committee from this adverse judgment. Article VII, Section 2 of the NMEBA constitution (as amended March 1963) provides that the National Executive Committee shall take appropriate action on any appeals made by any member from any action of a district.[1] Appeal from this National Executive Committee decision can be made to the following National Convention.

■ As to the laches argument, although the bylaw requiring self-nomination was promulgated as of January 1961, the complaint alleges that the right to nominate has been deprived because of a combination of a bylaw, a ruling of the Credentials Committee, and amendments to the national constitution. Some of these changes of which plaintiffs complain were made at least as late as March 1963. Therefore, at most only about five months went by before suit was brought on August 12, 1963. I find that this does not constitute undue delay and that plaintiffs are not barred by laches.

■■ As to exhaustion of remedies, Section 101(a) (4), 29 U.S.C. § 411(a) (4), requires a union member to exhaust reasonable intra-union hearing procedure (but not exceeding a four-month lapse) before instituting suit to protect his Section 101 rights. Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2 Cir.), cert. denied, 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961). However, the Detroy case made clear that this duty is not absolute. Thus, the Court of Appeals for this Circuit held that (286 F.2d at 81):

> "where the internal union remedy is uncertain and has not been specifically brought to the attention of the disciplined party, the violation of federal law clear and undisputed, and the injury to the union member immediate and difficult to compensate by means of a subsequent money award, exhaustion of union remedies ought not to be required."

On the record before this Court and in the present posture of the case where, among other things, the right to a temporary injunction has been made clear by an appellate court, the potential injury is immediate, and further delay may result in a complete loss of the Court's jurisdiction,[2] the Court holds, in the exercise of its discretion, that the requirement of exhaustion of remedies is no bar to granting a temporary injunction to plaintiffs. The foregoing constitutes

1. Meetings of this body are to be held at least once every four months, but can be held sooner on call of the national office or by petition of five executive committee members.

2. Cf. Section 403 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 483.

and incorporates findings of fact and conclusions of law in accordance with Rule 52, Fed.R.Civ.P.

Accordingly, the injunction should issue immediately.