Gilbert M. KING, Charles Smith, John Horan, Charles Katinas, Charles Mallery, Edward Iocca, Francis McGurk and John Di Gennaro, each of them individually and on behalf of all other members of Local 1476, International Longshoremen's Association, Plaintiffs,

v.

Joseph RANDAZZO, as President, or James Borrazas, as Secretary-Treasurer of Sugar Workers Council of North America, International Longshoremen's Association, Defendants.

No. 64-C-605.

United States District Court
E. D. New York.

July 17, 1964.

On Motion to Modify Oct. 13, 1964.

Burton H. Hall, New York City, for plaintiffs.

Howard Schulman, New York City, for defendants, Jack L. Kroner, New York City, of counsel.

BARTELS, District Judge.

Plaintiffs bring this action under Section 102, Title I of the Labor Management Reporting and Disclosure Act (LM RDA), 29 U.S.C.A. § 412, on behalf of themselves and all other members of Local 1476, International Longshoremen's Association (ILA) [Local], against Sug-

ar Workers Council of North America, International Longshoremen's Association [Sugar Council], an unincorporated association, seeking (i) declaration that an asserted affiliation of the Local or its members with the Sugar Council is null and void; (ii) recovery of invalid dues theretofore assessed against them and enjoining collection of further invalid dues, and (iii) enjoining Sugar Council from requesting any employer to discharge or suspend any member of the Local for failure or refusal to pay such dues to the Sugar Council.

In substance, the Local alleges that in October, 1963, the Sugar Council declared that the Local and its members were affiliated with the Sugar Council and subject to the payment of certain dues in the amount of $2 per month, payable to the Sugar Council, that neither the members of the Local nor any governing body of the Local agreed to such affiliation or to the payment of such dues, that the Sugar Council has already collected upon demand $6 from each member and threatens to cause the discharge of any member of the Local who fails or refuses to pay the dues requirement for the quarter ended June 30, 1964, and that by reason of such intimidation will continue to illegally collect invalid dues from its members. Plaintiffs move pursuant to Rule 65, Fed. Rules Civ.Proc., 28 U.S.C.A., for an order enjoining and restraining the defendants pending trial from taking any further action with respect to dues, etc. by reason of said illegal affiliation, and the defendants cross-move pursuant to Rule 12(b) (1) and 12(b) (6), Fed. Rules Civ.Proc., 28 U.S.C.A., to dismiss the complaint on the ground that it fails to state a claim and that the Court lacks jurisdiction over the subject matter. Defendants predicate their motion on the ground that the LMRDA did not legislate in the area of internal organizational structure of unions and moreover, that the Local's affiliation with the Sugar Council complied in all respects with the requirements of Section 101(a) (3) (B) of the LMRDA because unanimously authorized by action of the International Executive Council of the ILA (Executive Council) pursuant to authority contained in an amendment to its international constitution adopted at its convention in 1963. From the papers and briefs submitted the following appear to be the facts:

In 1957 the ILA adopted a resolution authorizing the issuance of a charter for the Sugar Council. In 1961 a number of local unions pursuant to this authority, organized the Sugar Council as an intermediate body within the ILA. The Sugar Council then adopted a constitution which in Article X, Section 1 provided in part:

"Each member of each Local Union affiliated with this organization shall pay to this organization monthly, as per capita tax, a sum equal to two (2¢) cents per hour for each hour of payment of wages while employed by an employer under contract, with an affiliated Local Union, but in no event more than eighty (80¢) cents per week."

and in Section 2 (Article X) provided:

"If required by applicable law each Local Union affiliated with this organization shall prior to such affiliation conduct a vote among the Local Union's membership by secret ballot after reasonable notice approving the payment of the per capita tax mentioned in 'Section 1' above."

In July, 1963, at the International Convention an amendment was proposed to the ILA constitution providing for the creation of the Sugar Council, the adoption by it of a constitution and by-laws for its own government subject to the approval of the Executive Council, and compelling affiliation of all local unions of the Sugar Council upon penalty of fines for failure to affiliate. These resolutions were shelved as being too broad and instead the following amendment was approved:

"That Article V, Section 1, of the ILA Constitution be amended by

adding the following sentences at the end thereof: The Convention or the Executive Council by two-thirds vote shall be empowered to establish councils to coordinate the activities of Local Unions in the same craft or branch of the industry with such powers and functions as the Convention or Executive Council shall prescribe."

(This does not specifically refer to the Sugar Council.) Thereafter and on August 16, 1963, the Executive Council met and unanimously approved a proposal that (1) the existing Sugar Council be incorporated into the ILA structure pursuant to the power vested in the Sugar Council by the foregoing amendment; (2) the Sugar Council possess the powers and rules under which it had been operating to date, and (3) all Local Unions representing employees in the sugar industry be required to affiliate. On September 24, 1963, the ILA secretary wrote to defendant Borrazas, the Local's secretary, advising him of the action of the Executive Council and further advising him that Local 1476 was required to affiliate with the Sugar Council as of October 1, 1963.[1]

Between October and November, 1963, collective bargaining agreements were negotiated with the three employers of Local 1476, to each of which the Sugar Council was a party and each of which contained a union shop agreement. The Sugar Council admits that pursuant to the union shop agreement the Sugar Council has from time to time threatened enforcement of the sanctions of the union shop agreement where employees became delinquent in their dues and obligations to the Council, which is confirmed by affidavits submitted on behalf of the plaintiffs. Plaintiffs assert that neither Local 1476 nor any of its members have ever voted to affiliate with the Sugar Council and that on the contrary, have rejected such affiliation.

## I.

The nub of the problem presented by these motions is whether the unilateral affiliation of the local unions compelled by the Executive Council involved an increase in dues assessed against each member of the Local and if so, whether such increase was authorized under the requirements of Section 101(a) (3) (B) (iii) of the LMRDA (29 U.S.C.A. § 411 (a) (3) (B) (iii)). Section 101(a) (3) prohibits the increase in dues or the levy of special assessments except by the methods therein prescribed. The pertinent provision of this section is (a) (3) (B) (iii), which refers to the case where an executive council attempts such an increase and provides that there shall not be any such increase in membership dues except "by majority vote of the members of the executive board or similar governing body of such labor organization, pursuant to *express authority* contained in the constitution and bylaws of such labor organization * * *." (Emphasis supplied.) It is unnecessary to pass upon plaintiffs' contention that the Executive Council had no authority to compel its affiliation with the Sugar Council without a vote of the members of the Local. That issue by itself would involve a question of the internal organization of the union and would not under the circumstances be subject to the jurisdiction of this Court. But this affiliation has produced consequences beyond the mere act of affiliation and the legality of these consequences is a proper issue for the Court to decide. At the outset it is necessary to dispose of defendants' claims that there actually was no increase in dues by the affiliation inasmuch as the dues requirement of the Sugar Council had theretofore existed, that in all events such dues could not be treated as an increase in dues but only assessments incident to the affiliation and that as such indirect obligations, were not within the intendment of the Act. With

1. On page 5 of Defendants' brief it is stated that Local 1476 became affiliated with the Council on or about October 1, 1963, pursuant to these directives, and on

page 7 of the affidavit of Anthony M. Scotto (Vice-President of ILA) it is stated that Local 1476 became affiliated with the Council as of January 1, 1964.

this contention the Court cannot agree. The payment required to be made by the members of the Local to the Sugar Council was described as a per capita tax, which is another label for dues, and as such was in addition to the present dues paid by the members of the Local; consequently they amounted to an increase in the dues assessed against them. This is true whether the amount is directly or indirectly assessed. An affiliation with a council already committed to a dues requirement cannot be employed as a means of circumventing the statutory requirements necessary to authorize an increase in dues.

The real problem here is whether the affiliation compelled by the Sugar Council resulted in increased dues of the members of the Local which had not been legally authorized by either (i) the ILA constitutional amendment granting power to the Executive Council to establish councils or (ii) the Executive Council by its act in incorporating the existing Sugar Council into the ILA structure and requiring compulsory affiliations.

Defendants argue that the constitutional amendment gave the Executive Council the power to increase dues and that the Executive Council exercised that power by its resolution incorporating the Sugar Council and stating that the Sugar Council shall possess the powers and rules under which it had been theretofore operating.

█ An examination of the language of Article V, Section 1 of the ILA constitution discloses no power delegated to councils to be established to increase dues of its members. In fact, this section is a general section and is not specifically addressed to the Sugar Council. The statute requires "express authority" in the constitution in order to clothe the Executive Council with power to increase dues. If the amendment were intended to grant the Executive Council such authority, it failed to satisfy the statute. This would seem to determine the issue. There is another ground upon which the decision may rest. Assuming that the Executive Council had such authority to increase dues, its action in incorporating the Sugar Council was not action, at least upon its face, which purported to increase dues of the Local's members. Such an important resolution, in order to comply with the spirit and in fact with the wording of the statute, can only be accomplished by express language. Otherwise an intelligent vote is impossible. But defendants claim that the Sugar Council had already provided for its dues and that the action of the Executive Council in embracing the Sugar Council with its dues requirement into the ILA structure was, in effect, an increase in dues authorized by the statute. Such a conclusion is predicated not only upon the power of the Executive Council to increase dues but also upon its power to delegate such authority to the Sugar Council. There is no authority in the statute or otherwise permitting the Executive Council to delegate to other councils any authority it might ever have to assess or increase dues of local members. "One need not be steeped in the historical data affecting the uses and abuses of labor organizations to realize that any complicated system of proposing and voting for increases in dues, initiation fees and assessments is subject to manipulation, to the disadvantage of the individual union member." Wittstein v. American Federation of Musicians, 2 Cir.1963, 326 F.2d 26, at 30. Consequently, the conclusion seems inevitable that the action of the Executive Council in establishing the Sugar Council and compelling affiliation of Local 1476 was invalid insofar as it required members of Local 1476 to pay dues to the Sugar Council. Cf., Wittstein v. American Federation of Musicians, supra.

II.

█ Concerning the remedy the Court, as indicated above, does not question the right of the Executive Council to establish intermediate councils to coordinate the activities of local unions with such powers as the Executive Council shall prescribe and to compel affilia-

ation therewith by the locals. When, however, such affiliation, as in this case, results in an illegal increase in dues of the members of the local union in violation of Section 101(a) (3), the Court has jurisdiction under Section 102 of the LMRDA (29 U.S.C.A. § 412) to grant such relief including injunctions as may be appropriate. Some question has been raised by the defendants as to whether the plaintiffs have exhausted their intra-union remedies available by appealing to the Executive Council to invalidate its resolution of incorporation of the Sugar Council. Such an appeal would be to the very body whose actions are challenged upon the ground of illegality and would be predicated upon the determination of a legal and not a factual question. Under the circumstances this would be a futile gesture and merely delay the ultimate resolution of the issue. See Calagaz v. Calhoon, 5 Cir.1962, 309 F.2d 248; Harvey v. Calhoon, S.D.N.Y. 1963, 224 F.Supp. 800. Defendants also raise the further question as to whether plaintiffs have shown the probability of irreparable injury. From the record, the Sugar Council admits that it has attempted to enforce collection of these illegal dues by jeopardizing the job status of members of Local 1476. Unless such action is enjoined, it seems obvious that such members will sustain irreparable harm. Therefore, the defendants' motion is denied and plaintiffs' motion is granted to the extent that the defendants will be enjoined and restrained from collecting or attempting to collect, either directly or indirectly, the dues or per capita tax assessed against the members of Local 1476 by the Sugar Council. Any and all other issues raised by the pleadings will remain for future determination.

The foregoing constitutes and incorporates findings of fact and conclusions of law in accordance with Rule 52, Fed. Rules Civ.Proc., 28 U.S.C.A.

The temporary injunction should issue immediately and an order may be entered accordingly.

MOTION TO MODIFY

This is a motion pursuant to Rule 65, Fed.Rules Civ.Proc., 28 U.S.C.A., to modify an injunctive order of this Court.

On July 27, 1964, this Court entered an order enjoining and restraining defendant Sugar Workers Council of North America, International Longshoremen's Association (Sugar Council) from collecting or attempting to collect any dues assessed against the members of Local 1476, International Longshoremen's Association (ILA) pending the final determination of the action. This order was based upon an opinion dated July 17, 1964, which, in effect, denied the claim of the Sugar Council that the ILA or its executive council had complied with the requirements of Section 101(a)(3)(B) (iii) of the Labor Management Reporting and Disclosure Act (LMRDA) [29 U.S. C.A. § 411(a)(3)(B)(iii)], in attempting to impose an increase in membership dues upon the Local in the guise of a "per capita tax". Thereafter, pursuant to Article VI, Section 2, of the constitution of the Sugar Council, a special convention was called for August 31, 1964, by notice to every local affiliated with the Sugar Council, including Local 1476. At said convention the Sugar Council's constitution was amended by a unanimous vote of all of the delegates (Local 1476 sending no delegates), requiring each member of each local to pay $2.00 per month to this organization as a "per capita tax" while employed by an employer under contract with an affiliated Local Union.[1]

1. The amendment is contained in Article X, Section 1, which reads as follows:
   "Each member of each Local Union affiliated with this organization shall pay $2.00 per month to this organization as per capita tax while employed by an employer under contract with an affiliated

Local Union. Each full time paid officer, Director of Organziation, Regional Director, Assistants and organizers of this Organization, or an affiliated Local Union shall pay to this Organization, as per capita tax $2.00 per month. There shall be no duplication of said per capita

In the light of this new event, the Sugar Council moves to modify the injunctive order on the ground that the dues of the members have now been validly assessed in accordance with Section 101(a)(3)(B)(i) of the LMRDA. This section contains an exception to the prohibition against the increase of dues and the levy of general or special assessments upon members, authorizing such an increase or special assessment "in the case of a labor organization, other than a local labor organization or a federation of national or international labor organizations, (i) by majority vote of the delegates voting at a regular convention, or at a special convention of such labor organization held upon not less than thirty days' written notice to the principal office of each local or constituent labor organization entitled to such notice, * * *". The issues thus raised are whether (1) the levy constitutes an increase in dues, (2) the so-called "per capita tax" is outside the proscriptions of the LMRDA, and (3) the Sugar Council is a "labor organization" as that term is used in Section 101(a)(3)(B)(i).

■■ Strictly speaking, the word "increase" as used in connection with the dues, means an enlargement or augmentation of the present dues as distinguished from the imposition of a new type of assessment by a different or affiliated organization. But the effect of this assessment, as far as the members of the Local are concerned, as indicated in the prior opinion, is an addition to the present dues paid by them. Whether there has been an increase in dues must be determined not by who imposed the exaction but by the nature of the imposition and its direct effect upon the financial burden of the individual members. Since the members must pay this assessment directly to an affiliate within the organizational structure of the ILA, it falls within the intendment of Congress when it referred in the LMRDA to an increase in dues.

■■ It is necessary also to again refer to the label which the Sugar Council has placed upon this increase in dues as a "per capita tax", which, as suggested in Ranes v. Office Employees Int'l Union, Local No. 28, 7 Cir.1963, 317 F.2d 915, 918, n. 5, was not intended by Congress to fall within the category of an increase in dues. A true "per capita tax" is one which is levied by a parent labor organization upon a *local* union with which it is affiliated. It is not a tax levied by a parent or a coordinating union directly upon the *members* of its affiliated locals. It is paid to the parent body or authorized coordinating union from the dues collected by the local from its members and generally related to the numerical strength of the local. But it is not an additional sum charged directly to the member and it is not used as a subterfuge to increase dues. See Dankert, Contemporary Unionism 218–19 (1948); CCH, Labor Law Course ¶ 583 (1964). The term "per capita tax" as used in this case is not used in its traditional sense. Instead it is employed to denote the payment of dues by members of a local directly to an intermediate coordinating council within the ILA structure. The assessment does not fall within the definition of a true "per capita tax". As indicated in the prior opinion, the term is simply another label for dues which falls within the proscription of Section 101(a)(3).

■ The crucial question remains to be determined. The Sugar Council asserts that if the increase in dues was not authorized by the ILA or its executive council, it was clearly authorized by the Sugar Council itself by the vote of the delegates at its August 31, 1964 convention. The resolution of this issue depends upon whether the Sugar Council is a "labor organization" within the meaning of Section 101(a)(3)(B), which would authorize it to increase dues by a majority vote of the delegates pursuant to Section 101(a) (3) (B) (i). Section.

tax. The Executive Board may, at any time, for good cause shown, reduce the amount of the aforesaid sums to be paid, which reduction, however, shall be on a uniform and non-discriminatory basis."

3(i) of the LMRDA defines a "labor organization" to mean "a labor organization engaged in an industry affecting commerce and includes *any organization of any kind,* any agency, or employee representation committee, group, association, or plan so engaged in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment, and any conference, general committee, joint or system board, or joint council so engaged which is subordinate to a national or international labor organization, other than a State or local central body." (Emphasis supplied.) Section 3(j) provides that "A labor organization shall be deemed to be engaged in an industry affecting commerce if it * * * (5) is a conference, general committee, joint or system board, or *joint council,* subordinate to a national or international labor organization * * *". (Emphasis supplied.) From these provisions it appears that the Sugar Council, which, in essence, is a "joint council" subordinate to a national labor organization, is a labor organization within the definition of Section 3(i) of the statute. Such a labor organization, according to the statute, has a right to increase dues by a majority vote of the delegates voting at a regular convention. The Sugar Council having followed this procedure, the increase in dues has been in accordance with the statutory requirements and, therefore, this Court must remove its injunctive prohibition.

This conclusion, however, does not constitute a finding by this Court that the Sugar Council has authority from either the ILA or its executive council to impose such an increase in dues upon the members of the various locals; nor is it a finding that such authority is necessary. The basic purpose of the LMRDA is the protection of employee rights and the establishment of democratic processes in the administration of union affairs. This Court's jurisdiction is consequently limited to the determination as to whether such processes as are set forth in the provisions of the LMRDA, were complied with by the Sugar Council in imposing the increase in dues. There is no evidence of a congressional intent to confer upon the Federal courts jurisdiction to redress wrongs to the employees resulting from the violation by the union of any of the provisions of the constitution or the by-laws of the ILA or the Sugar Council. *Cf., Carroll v. Associated Musicians of Greater New York, Local 802,* S.D.N.Y.1963, 235 F.Supp. 161. This issue must be decided by another tribunal. Section 103 of the LMRDA (29 U.S.C.A. § 413). The determination of this motion is without prejudice to the plaintiffs to apply to the appropriate forum for such other relief as they may deem advisable. Motion granted.

Settle order within ten (10) days on two (2) days' notice.