314 F.2d 848
 Clement BECKMAN, Joseph Harbauer, George Reid, Anthony
Rissi, John Gvazdinskas and Russell Schroeder,
Plaintiffs-Appellees,
v.
LOCAL NO. 46 INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL
AND ORNAMENTAL IRON WORKERS, Thomas Crowley, both
individually, and as President of said Union Local No. 46,
Forrest English, individually and as Business
Representative, Financial Secretary and Treasurer of said
Union Local No. 46, Charles R. Smith, Lee Spudich and Don
English, individually and as Election Judges for said Union
Local No. 46, Defendants-Appellants.
 No. 13935.
 United States Court of Appeals Seventh Circuit.
 March 14, 1963.
 
 William K. Cavanagh, Springfield, Ill., for appellants.
 Nelson O. Howarth, Springfield, Ill., for appellees.
 Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.
 KNOCH, Circuit Judge.
 
 
 1
 Defendants-appellants Local No. 46 International Association of Bridge, Structural and Ornamental Iron Workers, hereinafter called the 'Union'; Thomas Crowley, both individually and as President of said Union Local No. 46, Forrest English, individually and as Business Representative, financial Secretary and Treasurer of said Union Local No. 46; Charles R. Smith, Lee Spudich and Don English, individually and as election judges for said Union Local No. 46; have taken this appeal from a preliminary injunction granted in the above entitled matter by the District Court.
 
 
 2
 No testimony was submitted in the District Court. The sole facts before that Court, and before us, are those alleged in the amended complaint of the plaintiffs-appellees, Clement Beckman, Joseph Harbauer, George Reid, Anthony Risse,[1] John Gvazdinskas and Russell Schroeder, all members of the Union, and in the supporting affidavits filed on their behalf. Defendants did not move to strike the amended complaint or for summary judgment in their favor. The only answer on file was that filed in response to the original complaint. No answer was filed to the amended complaint, the allegations of which must be taken as true for the purposes of this appeal.
 
 
 3
 Plaintiffs complain that they were denied their right, as members, to vote in Union election, in violation of Title I, 101(a)(1), Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. 411 et seq.). They seek relief under 412 which provides:
 
 
 4
 'Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located.'
 
 
 5
 The amended complaint, and the supporting affidavits, allege further that (1) the individual defendants are the present officers and were seeking re-election to the same offices;[2] (2) although there were about 250 eligible membervoters, defendants caused 750 official ballots to be printed and made no accounting for the surplus; (3) after declaring the voting closed, election judge Don English seized and concealed the official ballot box for a sufficiently long period to allow tampering or substitution; (4) efforts to investigate this concealment of the ballot box were in the meantime prevented by threats of bodily harm made by Forrest English who brandished a loaded firearm; (5) the ballot box later produced by Don English differed from the official ballot box in that it was unlocked and lacked a crayon mark surreptitiously placed on the official ballot box for identification; and (6) the ballot box which Don English produced was locked and taken into the custody of the Chief of Police of Springfield, Illinois.
 
 
 6
 The District Court granted a preliminary injunction restraining the removal of the ballot box or its contents from the custody of the Chief of Police and restraining the counting of the purported ballots contained in that box.
 
 
 7
 Defendants argue that the District Court lacked jurisdiction either to restrain them from proceeding to count the ballots, or to order a new election; that the sole method of redress open to plaintiffs is that provided in Title IV, 402 of the Act (29 U.S.C. 482) by way of appeal to the Secretary of Labor; that no right guaranteed by Title I, 101, was allegedly violated; that plaintiffs were required to exhaust their administrative internal remedies before seeking redress from the Secretary of Labor or from the District Court; that there has been no showing of irreparable harm or lack of adequate remedt at law; and that absence of diversity of citizenship deprives the District Court of Jurisdiction over the subject matter.
 
 
 8
 We are advised that this is a case of first impression. Neither counsel, the District Court, nor this Court has found a reported case interpreting the meaning of the phrase 'equal rights * * * to vote' as set out in 29 U.S.C. 411(a)(1).
 
 
 9
 The District Judge indicated in his opinion that he agreed with defendants' position that if the right to vote, as guaranteed by 29 U.S.C. 411(a)(1), was preserved, and there was here a mere infirmity or irregularity in the conduct of the election (not tantamount to denial of the right to vote) then a Title IV question would be presented. Plaintiffs, of course, must ultimately prove their allegations. Those allegations, however, do provide sufficient bases to warrant the District Court's action in granting the preliminary injunction. The amended complaint does state a claim for violation of rights protected by the 'right-to-vote' clause of the Act. The District Court had jurisdiction to entertain this matter. We find no clear or convincing evidence of error. We agree with District Judge Mercer that:
 
 
 10
 'The facts of the matter cannot be known prior to a hearing upon the merits of the complaint, but the allegations of this complaint support the observation that the disappearance incident may well have led to the removal of ballots cast by the members from the official box or the substitution of another box for the official box. In either event, the rank and file members of the union would be denied the right to vote as surely as if the doors of the union hall had been barred against them while the balloting was conducted inside the hall. Neither reason nor logic supports the suggestion that plaintiffs must now await the completion of the election and the counting of the purported ballots and then seek their remedy under Title IV. I think the statutory scheme of Title I would be defeated if the Act must be so construed, and applied.'
 
 
 11
 The order of the District Court is affirmed.
 
 
 12
 Affirmed.
 
 
 
 [1]
 This name sometimes spelled Rissi and sometimes Risse
 
 
 [2]
 Defendants incidentally contend that nothing is gained by the injunction issued herein because the incumbent officials continue in office until the disposition of any complaint concerning an election irreguarity under 402 of the Act. (29 U.S.C. 482.)