Michael McKEON, Sr., et al., Plaintiffs,

v.

HIGHWAY TRUCK DRIVERS AND HELPERS LOCAL 107, OF the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, an unincorporated association, Defendant.

Civ. A. No. 2364.

United States District Court
D. Delaware.

Oct. 23, 1963.

See also D.C., 28 F.R.D. 592.

H. B. Rubenstein, Leshem & Rubenstein, Wilmington, Del., for plaintiffs.

David B. Coxe, Jr., Coxe, Booker, Walls & Cobin, Wilmington, Del., and Richard H. Markowitz, and Richard Kirschner, Wildermann, Markowitz & Kirschner, Philadelphia, Pa., for defendant.

LEAHY, Senior District Judge.

This is an action under the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401 et seq., to require election by secret ballot of business agents and stewards of Local 107, Highway Truck Drivers and Helpers of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

It is alleged business agents and stewards are "officers" within the meaning of the Act, thus requiring their election; however, they hold office by appointment of the Secretary-Treasurer of the Union. The complaint charges the failure of the Union to nominate and elect them by secret ballot constitutes a violation of §§ 101(a) (1), 401(b), and 401(e). The prayers for relief include an order directing the Union to hold a secret ballot election for business agents and stewards and an injunction against interference with plaintiffs' rights under the Act.

Defendant contends no rights guaranteed by Title I were violated; the sole method of redress open to plaintiffs is provided in Title IV, § 402, by way of appeal to the Secretary of Labor; and plaintiffs were required to exhaust internal union remedies before commencing this action. This matter is before the Court pursuant to Motions of plaintiffs and defendant for Summary Judgment.

There are only two issues before this Court: Whether plaintiffs' alleged rights fall within the purview of Title I or IV; and whether plaintiffs are now in a position to avail themselves of any remedy provided by the applicable title.

■ 1. *Section 101(a) (1)* [1] *EQUAL RIGHTS.* Proceeding on the assumption business agents and stewards are "officers" who must be elected by secret ballot, plaintiffs claim the denial to them of the right to vote for these "officers" constitutes a deprivation of their equal rights under § 101(a) (1). True, that section protects a member's rights "to nominate candidates" and "to vote in elections." But, the emphasis there, it seems, is placed on the right of a member to enjoin violations of the Act where one member is granted the right and another is denied it. The essence of the alleged wrong in the case at bar, however, does not concern itself with equal rights among members to vote for "officers", but whether business agents and stewards are, in fact, "officers" who must be elected. Accordingly, plaintiffs have failed to establish a claim arising under § 101(a) (1) upon which relief may be granted.

■ 2. *Scope of Section 402.* Title IV, in § 401(b),[2] requires unions to elect officers at least every three years. Sec. 401(e) [3] states every member has a right to be a candidate and to vote. Defendant

---

1. Sec. 101. (a) (1) provides: "EQUAL rights.—Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws."

Sec. 102 provides an action for appropriate relief may be brought in a United States district court by "Any person whose rights secured by the provisions of this title have been infringed by any violation of this title * * *."

2. Sec. 401(b). "Every local labor organization shall elect its officers not less often than once every three years by secret ballot among the members in good standing."

3. Sec. 401(e). "In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his. choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization. or any member thereof. * * *"

denied § 1337 [4] may be used to establish jurisdiction for a violation of § 401 rights and contends § 402 [5] provides an exclusive remedy before the Secretary of Labor. There is nothing in the provisions of § 402, or its legislative history, which affords support for defendant's view that the subject of this litigation is within the scope of that Section. The enforcement procedure set forth in § 402 is designed only for elections already held or for elections not held within the time prescribed. Thus, under § 402(a) the "challenged election shall be presumed valid pending a final decision;" under § 402(b) the Secretary of Labor is vested with authority to bring a civil action in federal court "to set aside the invalid election, if any;" and under § 402(c) "the court shall declare the election, if any, to be void and direct the conduct of a new election."[6] These provisions do not cover the present situation where a union office is being denied elective recognition.

█ The language of Mamula v. United Steelworkers, 3 Cir., 304 F.2d 108, cert. denied, 371 U.S. 823, 83 S.Ct. 42, 9 L.Ed.2d 63 (1962), and Colpo v. Highway Truck Drivers and Helpers, D.C. Del., 201 F.Supp. 307, vacated as moot,

4. Sec. 1337. "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

5. ENFORCEMENT—"SEC. 402(a) A member of a labor organization—
"(1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or
"(2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation,
may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 401 (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers). The challenged election shall be presumed valid pending a final decision thereon (as hereinafter provided) and in the interim the affairs of the organization shall be conducted by the officers elected or in such other manner as its constitution and bylaws may provide.
"(b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this title has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization as an entity in the district court of the United States in which such labor organization maintains its principal office to set aside the invalid election, if any, and to direct the conduct of an election or hearing and vote upon the removal of officers under the supervision of the Sec-
retary and in accordance with the provisions of this title and such rules and regulations as the Secretary may prescribe. The court shall have power to take such action as it deems proper to preserve the assets of the labor organization.
"(c) If, upon a preponderance of the evidence after a trial upon the merits, the court finds—
"(1) that an election has not been held within the time prescribed by section 401, or
"(2) that the violation of section 401 may have affected the outcome of an election,
the court shall declare the election, if any, to be void and direct the conduct of a new election under supervision of the Secretary and, so far as lawful and practicable, in conformity with the constitution and bylaws of the labor organization. The Secretary shall promptly certify to the court the names of the persons elected, and the court shall thereupon enter a decree declaring such persons to be the officers of the labor organization. If the proceeding is for the removal of officers pursuant to subsection (h) of section 401, the Secretary shall certify the results of the vote and the court shall enter a decree declaring whether such persons have been removed as officers of the labor organization.
"(d) An order directing an election, dismissing a complaint, or designating elected officers of a labor organization shall be appealable in the same manner as the final judgment in a civil action, but an order directing an election shall not be stayed pending appeal."

6. A reading of § 402(c) indicates "election, if any," refers to an election not held within the time prescribed by § 401.

3 Cir., 305 F.2d 362, cert. denied, 371 U.S. 890, 83 S.Ct. 188, 9 L.Ed.2d 123 (1962), causes momentary pause for it suggests the Federal District Courts do not have jurisdiction for violations of Title IV except in accordance with the procedure set up in § 402. The Mamula case involved an action to set aside an election and the Colpo case concerned a litigant challenging an impending election. The underlying philosophy of both cases is the vital role of the Secretary of Labor should not be eliminated. In the present case, however, the alleged rights which are violated do not arise out of a pre-or post-election challenge in the usual sense; here, the alleged rights which are violated arise out of the denial of holding *any* election. Since the enforcement procedure set forth in § 402 is designed only for elections already held or for elections not held within the time prescribed, the Secretary of Labor could not become involved in an action to compel the holding of an election. This anomalous result, therefore, strongly argues in favor of holding § 402 is not an exclusive source of jurisdiction to grant relief when there has been a failure to hold an election. Such a holding is not inconsistent with the above cases since they are jurisdictionally distinguishable.

■ 3. *Jurisdiction Under 28 U.S.C. § 1337 and Title IV.* Plaintiffs argue § 401 should be read in conjunction with 28 U.S.C. § 1337; it is contended the wording of § 603(a), " * * * except as explicitly provided to the contrary, nothing in this Act shall take away any right or bar any remedy to which members of a labor organization are entitled under such other Federal laws or law of any state," provides this Court with jurisdiction to hear an action to compel the holding of an election when coupled with § 1337.[7]

This Circuit, in Serio v. Liss, 3 Cir., 300 F.2d 386, recognized the use of § 1337 to enforce a right secured by § 504 (a). Chief Judge BIGGS stated, " * * * we cannot doubt that Congress considered the provisions of Section 504 (a) of the Act as important in effecting a national purpose. * * * Congress made this a national policy and in our opinion deemed that policy to be of such importance as to permit its application through adjudications by the national courts."

The cause of action in the case at bar "arises under" a law of the United States, since plaintiffs' claim is based directly upon § 401. Moreover, we believe the national effort to insure union democracy was deemed by Congress "to be of such importance as to permit its application through adjudications by the national courts." In reaching this conclusion, I have not overlooked the Colpo case[8] in which it was stated, " * * * 1337 cannot expand the restricted scope of jurisdiction conferred by the LMRDA." As pointed out above, the Colpo case involved an entirely different factual situation from the present case. Unlike the present situation, plaintiff was in a position to avail himself of the remedy afforded by § 402 after the election was conducted. Certainly it was not contemplated where a union fails to hold an election as contrasted with the situation presented in Colpo, there can be no judicial intervention. Accordingly, I conclude plaintiffs' contention that § 1337 provides this Court with jurisdiction to hear an action to compel the holding of an election is correct.

4. *Exhaustion of Internal Remedies.* Plaintiffs, by their own assertion, have failed to exhaust internal union remedies contrary to the proviso of § 101(a) (4).[9] The constitution of the Interna-

---

7. See note 4, supra.
   The LMRDA is an "Act of Congress regulating commerce" as § 2(c) makes clear.

8. Defendant states the district court decision was affirmed by the Court of Appeals. In fact, the Court of Appeals wrote an opinion based on mootness and the judgment of the district court was vacated and the cause remanded with directions to dismiss the complaint.

9. Sec. 101(a) (4) provides: "No labor organization shall limit the right of any member thereof to institute an action in

tional Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America provides a complete set of rules for the orderly adjudication of all grievances and appeals. Article XIX, Sections 3(a) and (c) provide charges against a local union may be appealed from the Executive Board of the Joint Council to the General Executive Board (which meets four times a year) and from it to the Convention (which meets every five years).

Plaintiffs contend they may bypass the remedies established by the constitution because (1) they involve multiple appellate agencies and the holding of infrequent meetings; (2) it would have been a futile and dubious act to initiate union appeals; and (3) the basis for charges against local unions as contained in Article XIX, § 6, is not clear.

The factors to be considered in determining the reasonableness of hearing procedures have been recently examined in Harris v. International Longshoremen's Association, 3 Cir., 1963, 321 F.2d 801 [47 L.C. ¶18,415]. Judge HASTIE stated, "As long as there is likelihood that some decision will be forthcoming within the four-month period, and the aggrieved member has not shown that he will be harmed by being required to seek such a decision, cf., Detroy v. American Guild of Variety Artists, 2 Cir., 1961, 286 F.2d 75 [41 L.C. ¶16,720], cert. denied, 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388, the purposes of the act require that judicial intervention be withheld until the member has given the internal grievance procedures the chance to operate which Congress deemed to be reasonable." As far as multiplicity of appellate agencies and frequency of meetings are concerned, I cannot say they are so unreasonable as to make some decision within the statutory four-month period impossible. Moreover, the possibility corrective action within the Union will render plaintiffs' complaint moot even without resorting to appellate agencies, suggests I should not step in before the Union is given its opportunity.

Plaintiffs' allegation that exhaustion of union procedures would be futile is not sufficient to grant judicial relief; futility must be shown by actual resort to such procedures. See Harris, supra.

The last of plaintiffs' contentions is Article XIX, § 6,[10] which sets forth the basis for charges against local Unions, does not enumerate any charges applicable to the theory of their case. They admit § 6 provides the basis for charges "shall consist of but not be limited to" those stated, but argue the Section is vague as to exactly what limita-

---

any court, * * * irrespective of whether or not the labor organization or its officers are named as defendants * * *: Provided, That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof * * *."

Although the proviso does not appear in Title IV, its broad language includes suits instituted against unions on any claim. "Absent a clear directive by Congress, the policy formulated over a course of time by courts reluctant to interfere in the internal affairs of private organizations should not be superseded." Detroy v. American Guild of Variety Artists, 2 Cir., 1961, 286 F.2d 75, 77, cert. denied, 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388.

10. Article XIX, Section 6, provides: "The basis for charges against members, officers, elected business agents, Local Unions, Joint Councils or other subordinate bodies, for which he or it shall stand trial, shall consist of but not be limited to the following:

"(1) Violation of any specific provision of the Constitution or failure to perform any of the duties specified thereunder.

"(2) Violation of the oath of loyalty to the Local Union and the International Union.

"(3) Embezzlement.

"(4) Secession, or fostering the same.

"(5) Abuse of fellow members and officers by written or oral communication.

"(6) Abuse of fellow members or officers in the meeting hall.

"(7) Filing charges in bad faith or out of malice."

tion, if any, is intended. There is nothing in the record which would indicate the reason plaintiffs failed to make a good faith effort to follow the union hearing procedures as they understood them. I conclude the failure to resort to union remedies was a result not of ignorance of union procedure, but of preference for the judicial forum. Such an election is not permitted during the statutory four-month period.

Since no genuine issue as to a material fact exists regarding the exhaustion of union remedies, defendant is entitled to grant of its motion for summary judgment as a matter of law. See Harris, supra, again.

An order may be submitted granting defendant's motion for summary judgment as to the issue of exhaustion of union remedies and retaining jurisdiction for further proceedings after exhaustion of such remedies is completed in accordance with the above.