H. L. BOLING

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, et al.

Civ. A. No. 4212.

United States District Court
E. D. Tennessee, S. D.

Dec. 3, 1963.

Humphreys, Banks & Hutcheson, Chattanooga, Tenn., for plaintiff.

King & Fuston, Chattanooga, Tenn., for defendants.

FRANK W. WILSON, District Judge.

This is an action brought by the plaintiff under the Labor-Management Reporting and Disclosure Act of 1959, sometimes referred to as the Landrum-Griffin Act. [29 U.S.C.A. § 401 et seq.] For the sake of brevity the Act will be referred to in this opinion by its initials, LMRDA. The plaintiff contends that he has been denied the right to run for the office of president and business manager in the defendant Local 515 in an election to be held December 5–9, 1963. He has filed this action seeking both injunctive relief and damages.

Service of process has not yet been had upon the defendants, the International Union and its president, James R. Hoffa. A motion to dismiss has been filed on behalf of all other defendants, including the Local Union. The grounds stated in the motion are as follows:

(1) The Court does not have jurisdiction of the subject matter of this suit.

(2) The action is *res judicata.*

(3) The subject matter of this lawsuit is pending upon complaint before the Secretary of Labor.

(4) The complainant has failed to exhaust his remedies within the framework of the constitution of the Local and International Unions.

(5) The complaint fails to state a claim upon which relief can be granted.

By an alternate motion the defendant asserts the same grounds as a basis for a motion for summary judgment and has filed affidavits and exhibits in support thereof. An oral hearing upon the defendants' motions was held upon November 16, 1963, at which time it appeared that the plaintiff had not had opportunity to respond to the motion for summary judgment. Therefore, only the motion to dismiss is now for consideration by the Court. It appears to the Court that grounds (2), (3), and (4) in the motion

to dismiss would involve a determination of factual issues that may properly be considered only in connection with the motion for summary judgment. The motion to dismiss therefore remains for consideration only with reference to grounds (1) and (5) wherein the defendants contend that the Court does not have jurisdiction of the subject matter of the suit and that the complaint fails to state a claim upon which relief can be granted.

A brief explanation of the organization of the LMRDA is necessary to an intelligent statement of the respective contentions of the parties. As enacted, the LMRDA contained various titles and sections, including Title I, with Sections 101 through 103, dealing with the rights of members of labor organizations, and Title IV, with Sections 401 through 403, dealing with elections in labor organizations. In codification these titles and sections have been redesignated, Title I, Sections 101–103, being carried in 29 U.S.C.A. §§ 411–413, and Title IV, Sections 401–403, being carried in 29 U.S.C.A. §§ 481–483. As is often the case with legislation that is subsequently codified, the confusing practice has developed of referring to the legislation by reference to its original titles and sections, rather than the code section. This becomes particularly confusing when reference is made only by section number, as often occurs in the cases, without reference to whether the original or the codified section number is being referred to. For purposes of clarity in this opinion reference will be made to the original titles and sections, with reference to the codified section being included in brackets immediately thereafter.

Insofar as is material to the present motion, the plaintiff contends that he is a member in good standing in the defendant labor organizations but that the defendants have nevertheless denied him the right to be a candidate for president and business manager of the Local Union in a pending election. The plaintiff contends that the defendants have thereby unlawfully deprived him of his rights as

a union member under Title I of the LMRDA [29 U.S.C.A. §§ 411–413]. More specifically, the plaintiff contends that, as a member, he has been "disciplined" by the defendants in violation of the due process provisions of Title I, Section 101(a) (5) [29 U.S.C.A. § 411 (a) (5)] which provides as follows:

"(5) *Safeguards against improper disciplinary action.*—No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

The plaintiff contends that this Court has jurisdiction to grant the relief here requested under Title I, Section 102 [29 U.S.C.A. § 412], which grants this Court jurisdiction to provide relief to any person whose rights under Title I have been infringed.

Upon the other hand, the defendants contend that the plaintiff's only complaint is as to his right to be a candidate in a union election, and that his rights in this respect are to be governed exclusively by Title IV of the LMRDA, relating to union elections [29 U.S.C.A. §§ 481–483]. More specifically, the defendants contend that if the plaintiff has stated any cause for complaint, it could only be under Title IV, Section 401(e) [29 U.S. C.A. § 481(e)] which provides in part as follows:

"(e) In any election required by this section which is to be held by secret balloting a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof. * * *"

The defendants contend that the exclusive remedy for anyone claiming a violation of Title IV, Section 401(e) [29 U. S.C.A. § 481(e)] is under Title IV, Section 402 [29 U.S.C.A. § 482] relating to enforcement, and providing that the plaintiff must first apply for relief with the Secretary of Labor and, if the Secretary finds there is probable cause for doing so, the Secretary, not the candidate, may file a suit in this court to set aside the election and direct a new election.

■ In addition to the motion to dismiss now under consideration, there is pending in this case a show cause order why a temporary injunction should not issue. It is apparent that, at least insofar as the plaintiff's right to be a candidate is concerned, the plaintiff has available a post-election remedy under Title IV, Section 402 [29 U.S.C.A. § 482] as summarized above. He can claim no irreparable injury. It is clear, therefore, that no temporary injunction should issue in this case irrespective of any disposition of the motion to dismiss.

The issue presented on the motion to dismiss is whether the plaintiff's right to be a candidate in a union election can be asserted and protected only in accordance with the procedure set forth in Title IV, as contended by the defendants, or whether the denial of the right to be a candidate in a union election may also be a violation of the plaintiff's membership rights under Title I, with this Court having jurisdiction to protect the same in a suit filed by the plaintiff.

■ The eligibility to be a candidate is specifically provided for and governed by Title IV, Section 401(e) [29 U.S.C.A. § 481(e)]. The enforcement procedure for the protection of this right is through the Secretary of Labor under Title IV, Section 402 [29 U.S.C.A. § 482]. To permit a union member to enforce his right to be a candidate under the general membership rights of Title I would in effect

circumvent and render largely meaningless the enforcement procedures provided in Title IV. It would circumvent the clear intent of the LMRDA, as shown by the legislative history of the respective sections, to allow a civil action for appropriate relief by an individual union member under Title I, when the procedures for determining the eligibility of a candidate for holding a union office are specifically provided for in Title IV.

As held in the case of Mamula v. United Steel Workers of America, 304 F.2d 108 (C.C.A.3, 1962), the procedure to be followed in electing union officers and the remedies available to union members seeking to be candidates are governed exclusively by Title IV, relating to elections, and not by Title I, relating to membership rights. As pointed out in that case, the legislative history of the LMRDA reveals that a proposal to permit enforcement under Title IV by union members as well as by the Secretary of Labor was eliminated in the legislation as enacted, leaving enforcement only through suit by the Secretary. The legislative purpose thus indicated would be defeated if the courts were to permit a suit by a candidate under Title I claiming violation of his membership rights.

It has likewise been held in the case of Sheridan v. United Brotherhood of Carpenters, etc., 306 F.2d 152 (C.C.A.3, 1962) that a union officer removed from his office may not file suit under Title I claiming his removal from office to be improperly imposed discipline in violation of his rights under Title I, Section 101 (a) (5) [29 U.S.C.A. § 411(a) (5)]. It would indeed be an anomaly to hold that removal of an officer was not included within the rights of membership protected under Title I, but that eligibility for office was so protected by that title.

The plaintiff contends, and not without logic, that the right to seek office is a basic right of membership in a labor organization and that an improper denial of this right is a form of discipline from which a member should have protection under Title I. The plaintiff also contends that whereas his remedy under Title I would permit him to seek damages for the improper denial of his right to be a candidate, no such relief is available to him in a suit at the instance of the Secretary of Labor under Title IV. While relief by way of damages is generally available under Title I, it is difficult to see how damages would be recoverable for denial of the right to be a candidate, as the election is an intervening act, if not a fortuitous event. Likewise while the relief afforded the right to be a candidate under Title IV is not identical to the rights afforded a member from discipline, in that the due process requirements of notice and fair hearing before discipline can be imposed on a member do not apply to a denial of the right to be a candidate under Title IV, the rights afforded under the two titles are substantially the same when the definition of "member in good standing," as contained in 29 U.S.C.A. § 402(o) is read in connection with Title IV, Section 401(e) [29 U.S.C.A. § 481 (e)]. In fact, when the two are read in conjunction, it is apparent that the plaintiff could not be denied the right to be a candidate if he is a member in good standing except under reasonable qualifications uniformly imposed or under the prohibitions of Title V, Section 504 [29 U.S.C.A. § 504] relating to persons who may not hold office in a labor organization. In any event, any substantive difference in the rights secured under Title I and under Title IV is a matter that would address itself to the Congress and not to the Court.

Finally, it should be noted that in the recent case of Harvey v. Calhoon, 324 F.2d 486, (C.C.A.2) the Court held that a denial to union members of equal rights to nominate candidates was protected under Title I, Section 101(a) [29 U.S.C.A. § 411(a)], where the equal right to nominate is specifically stated, even though the member complaining might also be a candidate. This does not in any way alter the conclusion here reached that in a case involving the eligibility of a candidate, the relief and procedure provided in Title IV is exclusive of the relief and procedure provided in Title I.

The defendants' motion to dismiss for failure of the complaint to state a cause of action upon which relief can be granted will be sustained. An order will enter accordingly.