John J. VERBISCUS, Plaintiff,

v.

INDUSTRIAL UNION OF MARINE AND SHIPBUILDING WORKERS OF AMERICA, LOCAL NO. 49, Defendant.
Civ. A. No. 2619.

United States District Court
E. D. Michigan, N. D.

Dec. 16, 1964.

Charles C. Legatz, Bay City, Mich., for plaintiff.

Francis E. Burger, Allen Park, Mich., for defendant.

ROTH, District Judge.

The plaintiff, then a member of good standing of the defendant labor union, was elected president for a term commencing February 4, 1963, and ending February 23, 1965. Following a request for his resignation, charges were preferred against him; and on December 6, 1963, he received notice of trial to be held December 20, 1963.

The trial was had and plaintiff was adjudged guilty, removed from office, assessed a fine of Three Hundred Dollars ($300.00), disqualified from holding any office or committee post for Ten (10)

years, and denied the right to speak at meetings until payment of the fine. Thereafter, the trial board decision was affirmed by the executive board, whereupon plaintiff appealed to the membership of the union. At the membership meeting, convened for the purpose of reviewing the action of the trial board, more than the usual number of members were in attendance; and the meeting lasted from two and one-half to three hours—an unusually long time for meetings of the union. The membership voted to uphold the action taken by the trial board. Thereafter there was an appeal to the executive board of the national union. A committee of that body upheld the action taken below. The plaintiff did not take the final step provided for in the appeal process; i. e., an appeal to the national convention. Instead, he filed suit claiming jurisdiction in this Court under Sections 101 and 102 of Title I of the Labor-Management Reporting and Disclosure Act of 1959, and alleging violations by the defendant union of the provisions of said Sections of the Act.

There has been a division among the federal courts, both district and circuit, as to remedies available under the provisions of the Labor-Management Reporting and Disclosure Act of 1959. See Mamula v. United States Steelworkers, 304 F.2d 108 (CA3), cert. denied, 371 U.S. 823, 83 S.Ct. 42, 9 L.Ed.2d 63; Beckman v. Local No. 46 International Association of Bridge Structural and Ornamental Ironworkers, 314 F.2d 848 (CA7); Robins v. Rarback, 325 F.2d 929 (CA2); Johnson v. San Diego Waiters and Bartenders Union, 190 F.Supp. 444 (DCSDCal.); Colpo v. Highway Truck Drivers & Helpers, 201 F.Supp. 307 (DC Del.); Jackson v. International Longshoremen's Association, 212 F.Supp. 79 (DCEDLa.). See also McKeon v. Highway Drivers Local, 223 F.Supp. 341 (DC Del.); Boling v. International Brotherhood of Teamsters, 224 F.Supp. 18 (DC EDTenn.); Sheridan v. United Brotherhood of Carpenters, 306 F.2d 152 (CA3). See also Kelly v. Streho, 47 LRRM 2609, Eastern District of Michigan, Southern Division, J. Freeman, No. 24,127, holding that Title I of the Act secures safeguards against improper disciplinary action against union members, as members, but not as officers or employees of the union.

Whatever misgivings or differences of opinion may have heretofore been entertained by the lower courts we now have the benefit of the views of the United States Supreme Court.

Recently the United States Supreme Court considered "important questions concerning the powers of the Secretary of Labor and federal courts to protect rights of employees guaranteed by the Labor-Management Reporting and Disclosure Act of 1959." Calhoon v. Harvey, 85 S.Ct. 292 (December 7, 1964). It held that Title IV of the Act sets up an exclusive method for protecting Title IV rights by permitting an individual member to file a complaint with the Secretary of Labor. The Court said:

"Upon complaint the Secretary investigates and if he finds probable cause to believe that Title IV has been violated, he may file suit in the appropriate district court. It is apparent that Congress decided to utilize the special knowledge and discretion of the Secretary of Labor in order best to serve the public interest. * * * Reliance on the discretion of the Secretary is in harmony with the general congressional policy to allow unions great latitude in resolving their own internal controversies, and, where that fails, to utilize the agencies of government most familiar with union problems to aid in bringing about a settlement through discussion before resort to the courts."

The Court is satisfied that the Act itself shows clearly that the dispute here falls squarely within Title IV of the Act and is to be resolved by the administrative and judicial procedures set out in that Title.

Review in the courts of such irregularities or violations as here claimed may be had only when the complainant

has exhausted his remedies within the organization or has failed to get a final decision within the time prescribed after invoking his internal remedies; has filed a complaint with the Secretary of Labor; and the Secretary has investigated the complaint and found probable cause to believe that a violation has occurred and has not been remedied and has brought an action in the appropriate court. Title I of the Act cannot be viewed as if it stood alone. Title IV provides for the supervision which plaintiff here seeks. The Court cannot disregard the limitations imposed on its powers by the Act.

We hold that plaintiff has neither stated nor proved a valid claim for relief under the Labor-Management Reporting and Disclosure Act and that his claim should be, and it is dismissed.

An appropriate order may be submitted.