## Daniel v. International Longshoremen's Association, Local No. 1332

*Hershel J. Richman* and *Benjamin Kuby*, for plaintiff.

*Martin J. Vigderman*, for defendant.

HIRSH, J., October 26, 1970.—This case is before the court on preliminary objections of defendants to complaint in equity and to petition for special injunction.

Plaintiff has filed a complaint seeking an order compelling defendant union to conduct a new election of officers of said union to replace those elected at the March 30, 1968, union election, which plaintiff alleges was in violation of Federal statute and union constitution and bylaws. Defendants filed preliminary objections to said complaint. Subsequently, plaintiff filed a petition for a special injunction to order such new election.

Defendants object and contend in support of their objections that under the Federal Labor-Management Reporting and Disclosure Act of September 14, 1959, 73 Stat. 519, et seq., Pub. L. 86-257, title IV, §402, 29 U.S.C.A. §482, Congress has provided an exclusive remedy and method of challenging an election and that, therefore, the United States District Court has exclusive jurisdiction to entertain such actions.

While this may be true, plaintiff in this case is not challenging an election but is requesting that one be held.

The Supreme Court of the United States has said that the purpose of section 402 of the Federal Labor-Management Reporting and Disclosure Act of 1959 is "not to permit individuals to block or delay union elections by filing Federal court suits for violations . . .": Calhoon v. Harvey, 379 U. S. 134.

Where plaintiff, as here, is not challenging an election but requesting that one be held, it appears that his action does not fall within the intention of the Federal act as above cited.

In McKeon v. Highway Truck Drivers and Helpers Local 107, 223 F. Supp. 341 (1963), a case in which the court was requested to enter an order requiring the election of one of the officers of the local union, the court, referring to section 402 of the Labor-Management Reporting and Disclosure Act, the section upon which defendant relies, stated, at page 344:

"In the present case, however, the alleged rights which are violated do not arise out of a pre- or post-election challenge in the usual sense; here, the alleged rights which are violated arise out of the denial of holding any election. Since the enforcement procedure set forth in §402 is designed only for elections already held or for elections not held within the time prescribed, the Secretary of Labor could not become involved in an action to compel the holding of an election. This anomalous result, therefore, strongly argues in favor of holding §402 is not an exclusive source of jurisdiction to grant relief when there has been a failure to hold an election . . ."

Ordered, defendants' preliminary objections to plaintiff's complaint are dismissed with leave to defendants to file an answer within 20 days of the date hereof.