**PAINTERS UNION LOCAL NO. 127 et al., Plaintiffs,**

v.

**DISTRICT COUNCIL OF PAINTERS, NO. 16 et al., Defendants.**

**Ted CARTY et al., Plaintiffs,**

v.

**DISTRICT COUNCIL OF PAINTERS, NO. 16, etc., et al., Defendants.**

**Nos. 45284, 45283.**

United States District Court
N. D. California.

Jan. 24, 1968.

Francis J. McTernan, Garry, Dreyfus, McTernan & Brotsky, San Francisco, Cal., for plaintiffs.

Phillip J. Smith, Smith, Parrish, Paduck & Clancy, Oakland, Cal., for defendants.

1. The increase was equivalent to one day's increase in pay of seven hours. Exh. 2.

2. From 1955 to 1960, members paid dues to their locals and a special assessment to the District Council. After July 1, 1960, members paid a combined amount to their locals which in turn paid the assessment (or per capita tax) to the District Council. At oral argument on November 22, 1967, counsel for defendants abandoned his earlier-alleged distinction between a tax paid by the local to the Council and

## MEMORANDUM OPINION AND ORDER ENJOINING COLLECTION OF DUES

ZIRPOLI, District Judge.

Plaintiffs—local unions and union members—seek to enjoin the defendants from enforcing certain dues increases approved by the District Council of Painters No. 16 in 1966. Plaintiffs assert that the increases are illegal because not consonant with 29 U.S.C. § 411(a) (3), in that the members did not approve the increases by secret ballot. The case was heard and submitted on December 11, 1967. The court reopened the matter for further evidence at the court's request on December 28, 1967, as the parties had left certain matters untouched which the court felt might be relevant. The case was resubmitted on January 12, 1968. This memorandum opinion constitutes the court's findings of fact and conclusions of law.

### FACTS

From 1956 to 1962, the District Council's By-Laws—Art. VI, § 6(d)—provided for an automatic increase [1] in dues [2] each time a raise was negotiated with employers. In 1962, § 6(d) was "changed" [3] to give the delegates to the District Council [4] the power to waive all or part of the increase otherwise required. Prior to the District Council's disputed action of 1966, each member paid dues to the local unions as indicated by Table 1 (post).

In 1966, the District Council increased the dues of members of locals from $8.85 to $10.60 per member per month. The threshold question is whether 29 U.S.C. § 411(a) (3) applies to the action at all.

dues paid by a member to his local. See Local No. 2, International Brotherhood of Telephone Workers v. International Brotherhood of Telephone Workers, 362 F.2d 891, 894–895 (1st Cir. 1966).

3. Whether the "change" was an "amendment" of part of § 6(d) or a "readoption" of the entire provision is of some importance and is discussed below.

4. Each local sent delegates to the District Council.

## SECTION 411

Proscribed by 29 U.S.C. § 411(a) (3)[5] are increases in the "rates of dues" unless certain procedural steps are performed. § 411(a) (3) (A), (B). Defendants contend at the outset that *rates* of dues were not increased but that only *amounts* were increased. Legislative history sheds little light on what, if any, distinction Congress meant by use of the word "rates", instead of the word "amount". There are cases which imply that dues fixed as a constant percentage of wages are lawful. E. g., Schwartz v. Associated Musicians of Greater New York, etc., 340 F.2d 228 (2d Cir. 1964); Zentner v. American Federation of Musicians, etc., 237 F.Supp. 457 (S.D.N.Y. 1965). If the 1966 action of the District Council did not increase the "rates of dues * * * in effect on September 14, 1959," § 411 is inapplicable and the injunction must be denied. Based on the evidence before it, the court has prepared the following schedule (Table I):

### TABLE I

| Year | Hourly[6] Wage ($) | Average[8] Hours Worked Per Year | Average Annual Earnings ($) | Average Monthly Earnings ($) | Dues Per Member Per Month ($) | Dues As Percent of Earnings |
|------|------|------|------|------|------|------|
| 1957 | 3.27 | 1,617 | 5,278 | 440 | 6.25 | 1.42 |
| 1958 | 3.42 | 1,721 | 5,886 | 490 | 7.25 | 1.47 |
| 1959 | 3.57 [7] | 1,621 | 5,987 | 499 | 7.85 | 1.57 |
| 1960 | 3.77 | 1,594 | 6,009 | 501 | 8.85 | 1.77 |
| 1961 | 4.02 | 1,515 | 6,090 | 508 | 8.85 | 1.74 |
| 1962 | 4.27 | 1,448 | 6,183 | 515 | 8.85 | 1.72 |
| 1963 | 4.52 | 1,411 | 6,374 | 531 | 8.85 | 1.67 |
| 1964 | 4.77 | 1,394 | 6,425 | 535 | 8.85 | 1.65 |
| 1965 | 5.12 | 1,290 | 6,605 | 550 | 8.85 | 1.60 |
| 1966 | 5.57 | 1,290 [9] | 7,200 | 603 | 10.60 | 1.74 |

5. Section 411(a) (3) provides as follows:
   Dues, initiation fees, and assessments. —Except in the case of a federation of national or international labor organizations, the rates of dues and initiation fees payable by members of any labor organization in effect on September 14, 1959 shall not be increased, and no general or special assessment shall be levied upon such members, except—
   (A) in the case of a local labor organization, (i) by majority vote by secret ballot of the members in good standing voting at a general or special membership meeting, after reasonable notice of the intention to vote upon such question, or (ii) by majority vote of the members in good standing voting in a membership referendum conducted by secret ballot; or
   (B) in the case of a labor organization, other than a local labor organization or a federation of national or international labor organizations, (i) by majority vote of the delegates voting at a regular convention, or at a special convention of such labor organization held upon not less than thirty days' written notice to the principal office of each local or constituent labor organization entitled to such notice, or (ii) by majority vote of the members in good standing of such labor organization voting in a membership referendum conducted by secret ballot, or (iii) by majority vote of the members of the executive board or similar governing body of such labor organization, pursuant to express authority contained in the constitution and by laws of such labor organization: *Provided*, That such action on the part of the executive board or similar governing body shall be effective only until the next regular convention of such labor organization.

6. Exh. 10 (submitted by plaintiffs); Exh. 12 (submitted by defendants. In trial briefs, the parties disputed whether di-

Five different criteria for determining whether there has been an increase in the "rates of dues" have at least implicitly been advanced during the course of these proceedings: First, compare the challenged (1966) rate with the (1959) rate in effect on September 14, 1959; Second, compare the challenged (1966) rate with the immediately prior (1965) effective rate; Third, compare the actual amounts in 1966 and 1959; Fourth, compare the actual amounts in 1966 and 1965; Fifth, determine whether the challenged rate had been provided for prior to September 14, 1959 (or after that date if in accordance with the provisions of § 411(a) (3)). To illustrate this last criterion, assume that in 1958, a union determined that from 1958 to 1965, dues should be 1 per cent, and that from 1966–1970, dues should be 2 per cent. Using the fifth criterion, one would say, in effect, that since the 2 per cent rate had already been predetermined and fixed in 1958, that the 1966 rate of 2 per cent was already "in effect" (for purposes of § 411) in 1959.

■ This court rejects the fifth criterion as inconsistent with the clear language and intent of § 411. The provision seeks to protect members against increases in rates of dues without procedural safeguards. The statute does not authorize increases pursuant to rate schedules (as it were) in effect in 1959. Congress intended that if a greater percentage (and possibly amount) of a member's wages was to be taken from him after 1959 than before, the procedural safeguards of § 411(a) (3) had to be observed to guarantee that the members genuinely desired such a result.

*Compare* Brooks v. Local No. 30, etc., 187 F.Supp. 365 (E.D.Pa.1960).

Even if the court were to adopt the fifth criterion, the court would conclude that the 1966 rate in the case at bar would not be validated because the precise rate was unknown and unscheduled as of 1959. Raises negotiated and hours worked were unpredictable and both would affect the rate of dues.

■ Turning to the first four criteria, a cursory examination of Table I verifies that each criterion dictates the conclusion that the "rates of dues" were increased by the action of the District Council in 1966. Therefore, the court concludes that unless 29 U.S.C. § 411 (a) (3) was complied with, the increases were illegal and may be enjoined. This conclusion brings the court to a consideration of the 1962 change in the Council's By-Laws.

### 1962 CHANGE IN § 6(d)

Art. VI, § 6(d) of the District Council's By-Laws was changed in 1962. Below is § 6(d), 1962 deletions being lined out and additions being italicized:

(d) The regular monthly dues for journeymen house painters, beneficial members, shall be increased in addition to the amount now being paid by the sum of money equal to the raise negotiated for one day (7 hours). * * * As a result of any dues increase ~~to become effective, 50% shall go to the L U and 50% shall go to the D C as increased special per capita tax.~~ *the delegates to the District Council shall determine by vote what proportion will remain in the Local Union and*

---

rect employer contributions to health and welfare plans were includable in the hourly wage figure. The court need not resolve this dispute for the following reasons: (1) when the case was reopened on January 12, 1968, plaintiffs and defendants stipulated that Exhs. 10 and 12 accurately represented the figures that each relied upon; (2) it matters not which computation is used, for the court has computed the comparable percentages using the inflated wage figures (which include direct employer contributions to

health and welfare plans) and finds that the rate of dues would be 1.64% for 1966 and 1.52% for 1959.

7. The rate in effect on the date September 14, 1959. Exh. 13.

8. Exh. 10.

9. The reasonable finding most favorable for defendants. Any lower figure (supported by the trend over the years) would result in a higher percentage representing the rate of dues.

**834**

*what proportion will go to the District Council. * * * [T]he delegates may * * * declare a waiver on all or part of a dues raise by a majority vote.*

The 1962 change was effected by a vote of the members. All parties and the court take the following view of the significance of the 1962 vote: If the 1962 vote was an "amendment", being a vote on whether there should be a power to waive the automatic increase (that would otherwise result) conferred upon the Council delegates, then the 1966 increase is not pursuant to a valid clause increasing the rates of dues of members. The reason would be that the automatic increase provision stems from 1956 and was never validated by a post-Landrum-Griffin vote (assuming for the moment that such a vote would have validated § 6(d), *cf.*, Brooks v. Local No. 30, etc., 187 F.Supp. 365 (E.D.Pa.1960)) in compliance with § 411(a) (3). If, on the other hand, the 1962 vote was a "re-adoption" of the rate increase provision, then (if the 1962 vote complied with the requirements of § 411(a) (3)) the 1966 action may be lawful as pursuant to a provision enacted in compliance with § 411. But see Brooks v. Local No. 30, etc., 187 F.Supp. 365, 368 (E.D.Pa. 1960): "Congress clearly did not contemplate that a vote to increase the dues could be held and the union put it in effect at any time they wanted in the future * * *." To be able to find a readoption, the members would have to have been given the choice to vote to retain or discontinue the automatic increase provision, and not only to decide whether to grant the Council the power to waive it.

■ From the oral testimony presented on December 11, 1967, and from the notices sent announcing the 1962 vote (Exhs. 3 and 4), this court interprets the evidence to dictate a finding that the vote was merely an amendment to § 6(d) and that the members did not have the opportunity or think they had the opportunity to discontinue or disapprove the automatic increase provision of § 6(d).

Because neither the 1962 vote nor the 1966 Council's action complied with 28 U.S.C. § 411(a) (3),[10] and for the reasons and based on the findings herein, the court concludes that the dues increases in 1966 were unlawful, Therefore,

It is ordered that defendants and each of them, be and are permanently enjoined and restrained from taking any action to collect, or discipline any plaintiff herein for failure to pay the increased dues purportedly imposed in the 1966 action of the District Council.

Plaintiffs shall prepare and submit an appropriate form of judgment.

---

10. See parties' Agreed Statement, pp. 5–6, filed November 20, 1967.