415 F.2d 1121
 72 L.R.R.M. (BNA) 2252
 DISTRICT COUNCIL OF PAINTERS, NO. 16 OF ALAMEDA, ET AL.
COUNTIES, Defendants-Appellants,
v.
PAINTERS UNION LOCAL 127, Painters Union Local 560, Painters
Union Local 1178, Sam Caponio, Wallace Rood, Dale
Ball, James L. Brown, Ted Carty, Lee
Lopez andMorris Komie,
Plaintiffs-Appellees.
 No. 22742.
 United States Court of Appeals Ninth Circuit.
 Aug. 27, 1969.
 
 Phillip J. Smith (argued), and Paul Paduck, of Smith, Parrish, Paduck & Clancy, Oakland, Cal., for appellants.
 Francis J. McTernan (argued), of Garry, Dreyfus, McTernan & Brotsky, San Francisco, Cal., for appellees.
 Before BARNES and MERRILL, Circuit Judges, and KILKENNY, District judge.*
 PER CURIAM:
 
 
 1
 Appellees seek to enjoin appellants from collecting a dues increase imposed by the appellants in 1966. The District Court granted the injunction and this appeal followed.
 
 
 2
 The District Court held the dues increase to be in violation of 101(a)(3) of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. 411(a)(3).[1] The question presented on this appeal is whether the 1966 increase amounted to an increase in the rate of dues over that payable by appellees on the effective date of the Act.
 
 
 3
 The opinion of the District Court appears at 278 F.Supp. 830 (N.D.Cal.1968). We agree with the District Court for the reasons there set forth that the 1966 dues increase did not comply with 101(a)(3) of the Act.
 
 
 4
 Judgment affirmed.
 
 MERRILL, Circuit Judge (concurring):
 
 5
 I agree with the result but for somewhat different reasons.
 
 
 6
 At the date of the Act appellant's By-Laws (enacted in 1956), Art. VI 6(d) provided for a rate of dues as follows: to a fixed sum was to be added 'The sum of money equal to the raise negotiated for one day (7 hours)'. This to me is a perfectly valid 'rate of dues'. The amount of dues may as easily and precisely be calculated as by any percentage rate. The 1966 dues increase was in accordance with this rate.
 
 
 7
 The trouble, in my view, is that this rate was no longer in effect in 1966. Art. VI 6(d) was amended in 1962 to provide in part:
 
 
 8
 'In the event the delegates of the District Council deem it feasible to the best interests of the District Council, the Local Unions and the Membership, the delegates may at any regular meeting declare a waiver on all or part of a dues raise by a majority vote.'
 
 
 9
 Pursuant to this amendment the Council, after 1962, imposed no dues increase until 1966, despite the fact that wage increases had regularly been secured through collective bargaining.
 
 
 10
 While on its face the 1962 amendment would appear to be nothing more than a benevolent reservation of the right to remit dues increases in whole or in part, in operation it is demonstrated to be far more.
 
 
 11
 Faced with the fact that with the passage of time the 1956 rate had become unnecessarily high, the proper course in 1962 would have been to reduce the rate. Instead of doing so the amendment in effect repealed the rate and substituted for it a power in the Council to increase dues in any amount it might choose below a stated maximum. Such a method of providing for dues increases constitutes a rate-fixing authority clearly contrary to the Act.
 
 
 12
 It follows that any increase in amount of dues imposed pursuant to the 1962 amendment must fall.
 
 
 
 *
 The Honorable John F. Kilkenny, United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 29 U.S.C. 411(a)(3) provides as follows:
 '* * * (3) Dues, initiation fees, and assessments.-- Except in the case of a federation of national or international labor organizations, the rates of dues and initiation fees payable by members of any labor organization in effect on September 14, 1959, shall not be increased, and no general or special assessment shall be levied upon such members, except--
 '(B) in the case of a labor organization, other than a local labor organization or a federation of national or international labor organizations, (i) by majority vote of the delegates voting at a regular convention, or at a special convention of such labor organization held upon not less than thirty days' written notice to the principal office of each local or constituent labor organization entitled to such notice, or (ii) by majority vote of the members in good standing of such labor organization voting in a membership referendum conducted by secret ballot, or (iii) by majority vote of the members of the executive board or similar governing body of such labor organization, pursuant to express authority contained in the constitution and by-laws of such labor organization: Provided, That such action on the part of the executive board or similar governing body shall be effective only until the next regular convention of such labor organization.'