**Andrew DiMICELI, Plaintiff-Appellant,**

**v.**

**NATIONAL MARINE ENGINEERS BEN-EFICIAL ASSOCIATION et al., Defendants-Appellees.**

**No. 73-1073.**

United States Court of Appeals, Ninth Circuit.

June 19, 1974.

Robert E. Cartwright of Cartwright, Saroyan, Martin & Sucherman, San Francisco, Cal., for plaintiff-appellant.

McCarthy, Johnson & Miller, San Francisco, Cal., for defendants-appellees.

Before DUNIWAY, WRIGHT and CHOY, Circuit Judges.

## OPINION

PER CURIAM:

Appellant DiMiceli, a member of appellee Unions, brought this action in California Superior Court. He purported to sue on behalf of all other members similarly situated. The case was removed to the district court. The Unions then moved to dismiss for improper venue. The motion was granted and the action was dismissed. DiMiceli appeals and we reverse.

The Unions adopted a resolution reading in pertinent part as follows:

Be it resolved, that effective January 1, 1971, in addition to the current dues rate, each member shall pay an amount equal to 6% of the gross amount of each vacation benefit payment he shall receive from any jointly-administered MEBA plan, or from the Union, as dues to District No. 1—Pacific Coast District, MEBA.

Such payment shall be due and payable on the date he receives said vacation benefit payment.

DiMiceli claims that the 6% applies only to vacation payments earned after January 1, 1971; the Union says that it applies to payments received after that date, regardless of when earned. The parties agree that DiMiceli paid $268.03, under protest, on account of payments earned before January 1, 1971. DiMiceli does not claim that the Union's procedure in adopting the resolution was in any way improper.

Dismissal was on the ground that 29 U.S.C. § 412[1] (a part of the Labor-Management Reporting and Disclosure Act) places venue either in the Southern District of New York, where the Unions have their principal offices, or perhaps in the District of Texas (Corpus Christi), where DiMiceli paid the $268.03.

The question is whether the action is for a violation of "this subchapter" (the Act). The Unions argue, and the trial court agreed, that it is—that it is for a violation of 29 U.S.C. § 411(a)(3).[2] Nowhere in his complaint does DiMiceli assert a violation of § 411(a)(3). He concedes that the resolution was adopted

in conformity with that subsection. His claim is based only on the construction of the resolution. He urges, first, that his construction of it is correct, and second, that if the Union's construction is correct, the resolution is invalid because it would deprive him of equal protection. We express no views as to the validity of these arguments. We mention them only to show the nature of DiMiceli's case.

The question presented appears to be one of first impression. In every case cited by the Unions, there was an attack on the manner in which the increase in dues was adopted, thus bringing the case squarely within the provisions of § 411(a)(3). See: Local No. 2, International Brotherhood of Telephone Workers v. International Brotherhood of Telephone Workers, 1 Cir., 1966, 362 F.2d 891; Ranes v. Office Employees International Union, Local No. 28, 7 Cir., 1963, 317 F.2d 915; Rota v. Brotherhood of Railway, Airline & Steamship Clerks, E.D.Pa., 1972, 338 F.2d 1176; King v. Randazzo, E.D.N.Y., 1964, 234 F.Supp. 388, aff'd, 2 Cir., 1965, 346 F.2d 307; Sawyers v. Grand Lodge, International Ass'n of Machinists, E.D.Mo.,

---

1. § 412 provides:

Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located.

2. § 411(a)(3) provides:

. . . the rates of dues and initiation fees payable by members of any labor organization in effect on September 14, 1959 shall not be increased, and no general or special assessment shall be levied upon such members, except—

(A) in the case of a local labor organization, (i) by majority vote by secret ballot of the members in good standing voting at a general or special membership meeting, after reasonable notice of the intention to vote upon such question, or (ii) by major-

ity vote of the members in good standing voting in a membership referendum conducted by secret ballot; or

(B) in the case of a labor organization, other than a local labor organization or a federation of national or international labor organizations (i) by majority vote of the delegates voting at a regular convention, or at a special convention of such labor organization held upon not less than thirty days' written notice to the principal office of each local or constituent labor organization entitled to such notice, or (ii) by majority vote of the members in good standing of such labor organization voting in a membership referendum conducted by secret ballot, or (iii) by majority vote of the members of the executive board or similar governing body of such labor organization, pursuant to express authority contained in the constitution and bylaws of such labor organization: *Provided*, That such action on the part of the executive board or similar governing body shall be effective only until the next regular convention of such labor organization.

1967, 279 F.Supp. 747; Painters Union Local No. 127 v. District Council of Painters No. 16, N.D.Cal., 1968, 278 F. Supp. 830, aff'd, 9 Cir., 1969, 415 F.2d 1121.

In some of these cases the court also had to decide whether there had been an increase in "the rates of dues and initiation fees," because, if there were not, § 411(a)(3) would not apply. But the fact that there is such an increase, standing alone, does not state a claim for relief under the act. Here, no violation of the act is charged, and the special venue provision of § 412 does not apply.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.